SPECIAL INDEMNITY FUND v. DAVIDSON et al.

No. 31936. Nov. 6, 1945.

*162 P. 2d 1016.*

Mont R. Powell, T. D. Lyons, and L. B. Moore, all of Oklahoma City, for petitioner.

Hatcher, Hatcher & Taylor, of Okla-

homa City, and Randell S. Cobb, Atty. Gen., for respondents.

HURST, V. C. J. This is an original proceeding brought by the Special Indemnity Fund, to review an award made to Homer Davidson, respondent. Armour and Company is joined as respondent herein for the reason that the award is a joint award under the provisions of the 1943 Act, S. L. 1943, page 258, 85 O. S. 1943 Supp. §§ 171-176.

On March 3, 1933, the respondent sustained an accidental injury to his right thumb, which the State Industrial Commission found resulted in a 20 per cent permanent disability to said thumb and awarded 12 weeks compensation therefor. That compensation has been satisfied, and said injury has no bearing upon the present action, except as it has become material under the provisions of said 1943 Act, which provides that in case a "physically impaired person" receives a compensable injury which results in "additional disability" due to the fact of his previous physical impairment, the "additional disability" shall be paid by the Special Indemnity Fund.

The claim now under consideration is for a subsequent injury received by the respondent to his left index finger on February 10, 1944, while in the employment of Armour and Company and for which the State Industrial Commission has found a 20 per cent permanent disability to said finger, and has awarded him 7 weeks' compensation therefor as provided by 85 O. S. 1941 § 22 (3).

No difficulty is encountered up to this point. But in addition to allowing the respondent his percentage on his left finger, the State Industrial Commission allowed him for an "additional disability" of 4 3/4 per cent to his body as a whole, or 4 3/4 per cent of 500 weeks, or 23 3/4 weeks, to be paid by the Special Indemnity Fund and amounting to the sum of $427.50, less the sum of $110.76 paid for the partial disability to the thumb, and less the

sum of $126 paid for the partial disability to the finger, leaving the balance of $190.74 to be paid by the Special Indemnity Fund as "additional disability." This proceeding is prosecuted to review said award. The question for decision is whether any "additional disability" should be allowed the respondent from the Special Indemnity Fund by reason of the fact that he had a pre-existing disability to his right thumb due to his previous injury. To answer this question, it is necessary first to consider some preliminary matters.

Said 1943 Act was not amendatory to the Workmen's Compensation Law, but was merely supplementary thereto. Special Indemnity Fund v. Farmer, 195 Okla. 262, 156 P. 2d 815. It did not create any new benefits or enlarge the right to compensation or increase the amount thereof. It merely shifted the burden of paying the additional permanent disability from the employer or his insurance carrier to the Special Indemnity Fund. Prior to the passage of said 1943 Act the burden of paying the "additional disability" due to the fact that the injured employee was a "physically impaired person" fell entirely on the employer or his insurance carrier. Nease v. Hughes Stone Co., 114 Okla. 170, 244 P. 778; Mid-Kansas Oil & Gas Co. v. State Industrial Com., 165 Okla. 15, 22 P. 2d 919; Protho v. Nette, 173 Okla. 114, 46 P. 2d 942. This fact created an additional hazard upon employers, and made it most difficult for a "physically impaired person" to secure employment. The Act was passed for the purpose of correcting this condition, by providing that in such cases where such "additional disability" results the Special Indemnity Fund shall bear that additional burden.

It must be kept in mind that Workmen's Compensation Laws are creatures of statute and that the State Industrial Commission can act only by authority of statute. The statute provides that the loss of any two of the major specific members (eyes, hands, feet, and legs) shall, in the absence of conclusive proof to the contrary, con-

stitute permanent total disability to the body as a whole. 85 O. S. 1941 § 22 (1). Thus, this provision constitutes statutory authority to translate loss of two or more major specific members into an injury to the body as a whole. From such statutory provisions it is recognized that a percentage of loss of any two of such major specific members may be computed into a disability to the body as a whole by adding the percentages and dividing by two. Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293. But as to the minor specific members (thumbs, fingers, and toes) no such statutory provision is made. On the contrary, the statute specifically states the amount of compensation in terms of weeks to be given for each such minor member. 85 O. S. 1941 § 22 (3).

In the absence of a statute authorizing the combining of injuries to two minor specific members into an injury to another member, or into an injury to the body as a whole, the State Industrial Commission has no authority to do so without competent evidence that an "additional disability" has resulted by reason of the pre-existing injury. Such "additional disability" cannot, therefore, be presumed as a matter of law by injuries to minor specific members. The second injury might or might not create an "additional disability" by reason of the first injury depending upon the facts established by the evidence. Thus, in Special Indemnity Fund v. Farmer, above, we held that the loss of more than one finger on the same hand may constitute a percentage of loss to the hand as a whole provided there is competent evidence to establish that fact.

In the case at bar there was no evidence introduced or offered to prove any "additional disability." On the contrary, the evidence, including the medical evidence, shows that neither injury entered the hand. In view of the foregoing, we hold that there was no authority, either under the law or the evidence, to warrant a finding of any "additional disability."

The award is, therefore, vacated in so far as it relates to "additional disability" and the attorney fee for same.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. CORN, J., dissents.