SPECIAL INDEMNITY FUND
v. WADE et al.

No. 32506. Jan. 6, 1948.

*189 P. 2d 609.*

Mont R. Powell, Thomas D. Lyons, and L. B. Moore, all of Oklahoma City, for petitioner.

Tom Durham and Crouch, Rhodes & Crowe, all of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J. Upon testimony presented the Industrial Commission found that the respondent suffered a compensable accidental injury to his left hip, which had several years theretofore been seriously injured in a football game; that the respondent was at the time of the later injury a physically impaired person under the Special Indemnity Fund Act and the combined effect of both injuries constituted 50% permanent partial disability to the body as a whole; that the later injury resulted in 5% of total disability.

Both injuries appear to have materially and permanently affected the left leg, but there is no testimony that any other major specific member was affected directly by either injury.

The commission ordered payment of compensation, in accordance with the

above findings, against the employer for 25 weeks at the correct rate of compensation and 225 weeks against the Special Indemnity Fund. The employer paid the award against it.

In this original action by the Fund it is argued that the evidence is not sufficient to show that the respondent was a physically impaired person within the meaning of the Special Indemnity Fund Act, and that there is no authority in law for the entry of the award against the Fund for the combined disability found to have resulted from the two injuries less the number of weeks awarded against the employer for the later injury.

The Special Indemnity Fund Act (O.S. 1943, Supp., Title 85, §§171-176) is not strictly speaking amendatory of the Workmen's Compensation Law. It is supplementary thereto and remedial in character. Liberal construction of the act should be indulged, if necessary, to give effect to the purpose intended by the Legislature. It was intended by the Legislature to relieve against the inability of many, otherwise employables, who suffered previous impairment, to obtain work in industry covered by the Workmen's Compensation Law. Many persons who could perform ordinary manual labor efficiently, but who suffered previous impairment, were denied employment, in part at least, by reason of our interpretation and application of the Workmen's Compensation Law in certain instances prior to the enactment of said act. For instance, we had held that where one had theretofore lost, or lost the use of, a major member of the body mentioned in 85 O.S. 1941 §22, subd. 1 (the eyes, legs, feet, arms and hands) and lost, or lost the use of, another such member by accident in employment covered by the Workmen's Compensation Law, he was thereby rendered totally and permanently disabled in the absence of conclusive proof to the contrary and his employer was liable as prescribed by the Workmen's Compensation Law for permanent total disability. We had also held that where two or more of said members were injured in the same compensable accident, the award therefor should be based upon the combined effects of said injuries on the body as a whole, and should, therefore, be expressed in terms of percentage of total permanent disability. We had also held, in effect, that where two or more fingers or toes were permanently impaired as a result of a compensable accident, the award should be based on the combined effect of said injuries on the hand or foot. The combined effects of multiple injuries to the same member arising out of the same accident was recognized. The combined effect of permanent partial disability to various portions of the body, old and new, had been, in effect, approved by us under the Workmen's Compensation Law in cases of permanent total disability of employees capable of performing ordinary manual labor. Conversely, we had held that injuries to scheduled or classified members of the body could not be combined with injuries to unscheduled and unclassified parts of the body and compensation awarded therefor on the basis of percentage total disability, but that such disability must be separately fixed and awarded according to the separate schedules therefor.

This historical background should be kept in mind in interpreting and applying the Special Indemnity Fund Act so that the remedial purpose of the act may be given practical effect and at the same time the simplicity of its application may be promoted and maintained.

A "previously impaired" person is defined to be

" . . . a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of some member of his body, or the loss of the use, or partial loss of the use, of a specific member such as is obvious and apparent from observation or ex-

amination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously has been adjudged and determined by the State Industrial Commission." (Sec. 171.)

There is no evidence in this record nor is any contention made nor did the commission find that the claimant was a physically impaired person by reason of former adjudication of any disability by the Industrial Commission.

The act further provides that if a previously impaired person, as defined above,

"receives an accidental personal injury compensable under the Workmen's Compensation Law, which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities, **as is now provided by the laws of this state."**

Considering the language used in sections 171 and 172 of the Special Indemnity Fund Act, together, in the light of the historical background forerunning its enactment, we think it was the intention of the Legislature to make the Special Indemnity Fund Act applicable in all cases, if otherwise applicable, where the pre-existing condition which makes the claimant a "physically impaired" person is to one of the specified members classified and scheduled in subdivision 3, sec. 22, Workmen's Compensation Law, supra (the eyes, legs, arms, feet and hands and their component parts) if the previous impairment to such member of the body be combinable under the Workmen's Compensation Law with the later injury resulting from the compensable accident, treating the pre-existing injury as though it occurred at the time of the later injury and the combined effects or disability of the pre-existing condition and the later accidental com-

pensable injury is materially greater than the disability resulting from the later injury standing alone.

An injury to a hip that results directly in partial permanent disability to a leg is an injury to such leg. The leg is a member of the body specified and scheduled under the foregoing section of the Workmen's Compensation Law. An old or pre-existing condition of the leg as defined by the act, treated as occurring at the time of a later and compensable injury thereto, may be combined with the later injury. The hip and back are not specific and classified members of the body. An injury thereto, whether old or new, may not be combined with an injury or disability to the leg in cases of permanent partial disability. Mudge Oil Co. v. Wagnon, 193 Okla. 466, 145 P. 2d 185. The old injury to the leg in question, if the evidence is sufficient to show the claimant was a physically impaired person as defined by the act, by reason thereof, treated as having occurred at the time of the compensable accident, is combinable with the new injury to the same leg.

The attempted combination of the back injury and the leg injury was erroneous. This being a permanent partial disability case, in no event, could the disability to the hip or back be combined with the injury or disability to the leg and there is no authority for the atttempted combination thereof by the Industrial Commission.

The award as to the employer has been paid. The award against the Special Indemnity Fund is vacated, with instructions to determine the liability of the Special Indemnity Fund by first finding whether the claimant was a physically impaired person as defined by the Special Indemnity Fund Act as interpreted herein. If he is such a person by reason of the old condition of the injured leg, then the commission should determine the degree of disability resulting to said leg from the combination of the old and new in-

juries and disability thereto existent by reason of the old condition standing alone. If the former is materially greater than the latter, the difference should be ordered against the Special Indemnity Fund as provided by the 1943 Special Indemnity Fund Act.

HURST, C. J., DAVISON, V. C. J., and BAYLESS, WELCH, GIBSON, and LUTTRELL, JJ., concur. RILEY and CORN, JJ., dissent.