SPECIAL INDEMNITY FUND v. TAYLOR et al.

No. 32591. Jan. 13, 1948.

*188 P. 2d 866.*

Mont R. Powell, Don Anderson, and Thomas D. Lyons, all of Oklahoma City, for petitioner.

Murphy & King, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondent.

ARNOLD, J. Taylor sustained a compensable injury to the thumb of his right hand on September 8, 1945. Theretofore by accident he had suffered an injury to the same hand whereby his fingers were seriously injured by amputation and otherwise. He is a physically impaired person as defined by the Special Indemnity Fund Act.

None of said injuries, though described and the disability to the fingers and thumb estimated individually, are shown to have actually extended beyond said members of the hand. The medical witnesses for both sides estimated the disability resulting from the combined effects of the injuries, old and new, on the basis of the hand.

The trial commissioner did not participate in the hearing before the commission sitting en banc. The order was entered by the three commissioners sitting, two voting for the order and one against. The commission is composed of five members. The disability to the hand so fixed by the commission was within the limits estimated by the doctors.

It is first contended that the finger injuries were improperly converted into an injury and resulting disability to the hand.

The Legislature, recognizing that the hands and feet are composed of many interrelated component parts which cooperate together to make an efficient hand or foot, classified the hand and foot as members of the body and scheduled them on the basis of 200 and 150 weeks, respectively. After so

classifying and scheduling the hand and foot and to promote simplicity of determination of disability, it classified and scheduled the minor members of these major members. The method of classification and schedule by the Legislature as to the hands and feet convinces us that it recognized that which we all know, that is, that the hands and feet are composed of many parts which combine and co-operate as parts of the classified whole, and that an additional disability to said major members may result from a combination of injuries to two or more of said minor members. Though its classification and schedule relating to the fingers and toes contemplates and includes one of the individual digits of said major members in their individual combined relation to the hands and feet, classification does not contemplate and evaluate the combined effect on the hand or foot when two or more of the fingers or toes are injured. Though the schedule for such minor members, fingers and toes, is arbitrarily fixed and must be adhered to when only one of such members is injured, the Legislature did not intend that it be necessarily applied where two or more such members are injured. Otherwise, application of the schedule fixed for the fingers and toes might deny to the injured employee the disability resulting from the combination of injury to fingers and toes which constitutes a disability to the hand not contemplated in or evaluated by the Legislature in its schedule as to the fingers and toes. This was not intended by the Legislature.

There inheres in the statutory authority to determine disability on the basis of the hand the authority to do so when more than one of the major members thereof are injured. Since there is statutory authority by implication for such determination, under such circumstances, the cases from other jurisdictions approving this basis of computation by reason of statutory authority are in point. The argument made by the Special Indemnity Fund under this proposition, in effect, suggests that we reconsider and overrule the Planters' Gin Company case (Planters' Gin Co. v. McCurley, 157 Okla. 273, 12 P. 2d 173), and other cases approving and applying the rule therein stated, including the Special Indemnity Co. v. Farmer, 195 Okla. 262, 156 P. 2d 215. This we refuse to do.

It is finally contended by Special Indemnity Fund that the award is invalid for the reason that it was not concurred in by a majority of the commissioners participating in the hearing. The record shows that the appeal was heard by three commissioners, two concurring in the award and one dissenting. The trial commissioner, who denied liability as against Special Indemnity Fund, did not sit in the hearing on appeal. Special Indemnity Fund argues that notwithstanding the trial commissioner did not sit in the hearing on appeal, he did, in effect, participate in the hearing and held in its favor, and that the award must therefore be considered as having been entered by four commissioners participating, two concurring and two dissenting. This is a rather novel contention and we think without substantial merit. The statute, 85 O. S. 1941 §77, subd. 9, governing appeals from orders or awards of trial commissioners to the commission sitting as a whole, contains no such provision. It provides:

" . . . Upon the filing of such appeal, the entire commission, or a majority thereof, sitting as a body shall hear such appeal, and upon completion thereof shall issue such order, decision or award as it may deem proper, just and equitable. In case less than the entire commission hears the appeal, only those members participating in the hearing shall participate in the making of the order, decision or award. . . ."

It will be noted that the above section expressly provides that in case less than the entire commission hears the appeal, only those members participating in the hearing shall participate in

the making of the order, decision or award.

It is obvious that the phrase, "only those members participating in the hearing," refers only to such members as participated in the hearing on appeal, and has no application whatever to a commissioner who conducted the original hearing. Since the trial commissioner did not sit in the hearing on appeal, he could not under the statute participate in making the final award.

The appeal was heard by three members of the commission which constituted a majority thereof. The decision or award is concurred in by two of them. It, therefore, constitutes a final and valid award. Brown & Root, Inc. v. Dunkelberger, 196 Okla. 116, 162 P. 2d 1018.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, and CORN, JJ., concur. GIBSON, J., dissents.