SPECIAL INDEMNITY FUND of the State of Oklahoma, Administered by the State Insurance Fund, Petitioner,

v.

James W. SMITH, Aldridge Hotel, Liberty Mutual Insurance Company, and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 38572.

Supreme Court of Oklahoma.

Feb. 16, 1960.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioner.

Gene Stipe, Stipe, Gossett & Stipe, McAlester, Mac Q. Williamson, Atty. Gen., for respondents.

## PER CURIAM.

On June 16, 1958, James W. Smith, hereinafter referred to as claimant, filed a claim for compensation against his employer, Aldridge Hotel of McAlester, Oklahoma, and its insurance carrier, Liberty Mutual Insurance Company, hereinafter referred to as respondents, and Special Indemnity Fund, hereinafter referred to as the Fund, stating that on April 25, 1958, while in the employ of Aldridge Hotel he sustained an accidental injury consisting of an injury to his left leg; that the injury occurred when he stumped his toe and slipped and fell forward and broke his leg; and that he was at that time a physically impaired person by reason of prior disability to his hip.

While the case, as against the Fund and respondents, was tried at the same time, the trial judge entered separate awards. He entered an award against respondents in the sum of $1,225, based on a 40 per cent permanent partial disability to claimant's left leg. This award was fully paid and satisfied. As to the Fund, the trial judge found:

"That when claimant sustained his last compensable injury to his left leg on April 25, 1958, he was a previously impaired person by virtue of a prior disability to his left hip, which was obvious to an ordinary layman.

"That claimant's rate of compensation is $17.50 per week; that due to claimant's last injury, he sustained 40 per cent permanent partial disability to his left leg; and when said 40 per cent permanent partial disability is combined with his previous disability, claimant is now permanently and totally disabled and is entitled to compensation for 500 weeks at $17.50, less the 70 weeks awarded for his last injury, leaving the Special Indemnity Fund obligated to pay compensation to claimant for 450 weeks at $17.50 per week, or the total amount of $8,225.00."

Upon such findings an award was entered against the Fund in the amount above stated, which was sustained on appeal to the Commission en banc.

The Fund brings the case here for review. Its main contention is that the finding of the State Industrial Commission is insufficient upon which to base the conclusion that claimant was a physically impaired person at the time he sustained his injury to his left leg. With this contention we agree.

In Special Indemnity Fund of State of Oklahoma v. Iven, Okl., 284 P.2d 419, we held:

"A finding of the State Industrial Commission that prior to the time an employee sustained an accidental injury he was afflicted with multiple sclerosis and loss of vision which was disabling to a degree is not a sufficient finding upon which to base a conclusion that the employee was a 'physically impaired person' as defined by 85 O.S.1951, § 171."

The court in that case in the body of the opinion said:

"The State Industrial Commission is without jurisdiction to enter an award against the Special Indemnity Fund under the provisions of 85 O.S.1951, §§ 171 and 172, unless it be shown that at the time of the subsequent injury claimant was a physically impaired person by reason of having (1) suffered the loss of the sight of one eye; (2) the loss by amputation of the whole or a part of some member of his body; (3) total or partial loss of use of a specific member such as

is obvious and apparent from observation or examination by an ordinary layman; and (4) any disability which previously has been adjudged and determined by order of the State Industrial Commission."

After referring to and discussing the case of Special Indemnity Fund v. Keel, 196 Okl. 315, 164 P.2d 996, the court further said:

"The order of the Commission herein fails to meet this requirement. When a claim against the Special Indemnity Fund is based on a physical impairment resulting from a disease, it is not sufficient that the Commission find merely that claimant is physically impaired by the disease. It must find the extent of disability, if any, of the specific member or members affected by the disease, so as to demonstrate by its finding that the claimant was a ' "physically impaired person" ' under the Statute. Only by such finding can the Commission properly determine the liability of the Special Indemnity Fund."

What is there said is controlling here.

The record discloses that claimant's disability to the hip was due to a prior diseased condition. A mere disability to the hip due to disease does not constitute the employee a physically impaired person under the authority above quoted.

The Commission did not find that the diseased condition of the hip affected any specific member of the body or determine the degree of disability sustained to such specific member.

The hip is not classified or scheduled as a specific member of the body under 85 O.S.1951 § 22, therefore a disability to it will not constitute an employee a physically impaired person as that term is defined by 85 O.S.1951 § 171. Special Indemnity Fund v. Wade, 199 Okl. 547, 189 P.2d 609.

Until a finding is made to the effect that the diseased hip has affected the left leg so that the leg is permanently disabled, claimant is not a physically impaired person.

Because of the indefiniteness of the Commission's finding above pointed out, its award as to the Fund is vacated, and the cause is remanded to the State Industrial Commission for further proceedings in accord with the views herein expressed.

WILLIAMS, V. C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.

DAVISON, C. J., and WELCH, J., dissent.