433 P.2d 122

**Conrad BOXLEITNER, Claimant-Respondent,**

v.

**ST. MARIES PLYWOOD CO., and Workmen's Compensation Exchange, Defendants-Appellants.**

**No. 9973.**

Supreme Court of Idaho.

Nov. 3, 1967.

Blake, Givens, Feeney & Clark, Lewiston, for appellants.

Conrad Boxleitner, pro se.

TAYLOR, Chief Justice.

April 1, 1966, claimant (respondent) sustained a traumatic amputation of the terminal phalanges of the index, middle and ring fingers of his right hand while in the employ of the defendant St. Maries Plywood Co. At the time of the injury I.C. § 72–313, as amended 1959, was the controlling statute. The applicable provisions of that section were as follows:

"(a) Specific Indemnity for Permanent Injury. An employee, who suffers permanent injury less than total, shall, in addition to compensation, if any, for temporary total and temporary partial disability, be entitled to specific indemnity for such permanent injury equal to 60% of his average weekly wages, but not more than $30 nor less than $15 per week for the periods of time stated against the following scheduled injuries respectively:

"For loss of one:          For the following
                           number of weeks:
       * * *                      * * *
"Hand                             200
"Index finger * * * At distal joint      10
"Middle finger * * * At distal joint      8
"Ring finger * * * At distal joint       5
       * * · *                    * * *

"(b) Computation of Specific Indemnity for Nonscheduled Injuries. In all other cases of permanent injury, less than total, not included in the above schedule, the compensation shall bear such relation to the periods stated in the above schedule as the disabilities bear to those produced by the injuries named in the schedule."

Respondent's wages were such that the applicable weekly compensation was $30. A compensation agreement was entered into by the respondent, the employer, and the insurance carrier, which provided for compensation at $30 per week for 23 weeks, a total award of $690 for permanent injury.

The Industrial Accident Board refused to approve the agreement and advised the parties that the permanent injury should be estimated on the basis of a percentage of the loss of one hand, rather than as the sum of the separate specific indemnities provided by the statute for the loss of each of the three distal phalanges. The attending physician was requested to review his findings and report the disability on the basis directed by the board. Thereafter,

the physician filed a final report estimating respondent's permanent injury as comparable to one-third of the loss of one hand.

The employer and surety protested the determination of the permanent injury on any other basis than the sum of the three specific indemnities provided for by the statute. The board then reviewed the record and found and ruled that the claimant had sustained a permanent injury comparable to 25% of the loss of one hand, and entered an award, allowing compensation to claimant at the rate of $30 per week for a period of 50 weeks.

The employer and surety brought this appeal from the award.

The issue on this appeal is, as stated by the board, "one of statutory construction of Idaho Code Sections 72-313(a) and 72-313 (b): whether he is entitled to recovery of specific indemnity for 23 weeks, the sum of the separately scheduled items: Loss of index finger at distal joint 10 weeks; loss of middle finger at distal joint 8 weeks; loss of ring finger at distal joint 5 weeks; or to recovery for physical impairment of his right hand resulting from the cumulative effect of his multiple injuries." The board referring to I.C. § 72-313(b), quoted above, as its authority for basing its determination of the permanent injury upon a percentage of the loss of one hand, said:

"The loss of one digit to a single finger is a scheduled injury. But when the injury results in the loss of digits of three fingers, such an injury is not specifically scheduled in that language. In this case the injury is not to *a finger;* it is an injury to the hand.

"The Board's interpretation that multiple injuries in a single accident must necessarily be rated for their cumulative effect has been in effect since the Board was originally created in 1918 and has been embodied in successive printed editions of its Industrial Physicians' Manual ever since the first edition issued about 1926. The latest edition printed in 1957, in the same phraseology as had appeared for years, provided in Paragraph 69:

"*Multiple injuries* cannot always be fairly rated by the addition of separate items in the amputation schedule. For example, in the case of the loss of several fingers, complicated with tendon and nerve injuries, the Board has found it necessary to compare the combined disabilities as some percentage of the loss of the whole hand.

"In testimony before the Board, medical experts and more particularly orthopedic surgeons have evaluated multiple injuries for their combined effect. Medical literature, more particularly the disability schedules of the American Medical Association, takes into consideration the cumulative and combined effect of multiple injuries.

"The Board in consideration of this instant case has made an independent research of medical texts on the rating of multiple injuries to a bodily extremity. It is impressed by the fact that claimant herein was able in a remarkably short time to return to his accustomed regular work. It deems that Dr. Sullivan's final estimate as one-third of the loss of a hand, though properly founded on the correct theory with respect to the combined effect of multiple injuries, is somewhat in excess of the percentage applied by orthopedic surgeons in similar cases."

No claim or finding was made that the injuries in this case were complicated by tendon or nerve injury.

The board has authority under the statute to consider the cumulative effect of the multiple injuries, and in so doing to find that the permanent injury to the hand is greater than the sum of the three injuries, considered separately, each of which by itself would come within the specific indemnity provision of the statute. 99 C.J.S. Workmen's Compensation § 308a.

" * * * Though its classification and schedule relating to the fingers and toes contemplates and includes one of the

individual digits of said major members in their individual combined relation to the hands and feet, classification does not contemplate and evaluate the combined effect on the hand or foot when two or more of the fingers or toes are injured. Though the schedule for such minor members, fingers and toes, is arbitrarily fixed and must be adhered to when only one of such members is injured the legislature did not intend that it be necessarily applied where two or more such members are injured." Special Indemnity Fund v. Taylor, 199 Okl. 571, 188 P.2d 866 (1948).

Cf. Hix v. Potlatch Forests, Inc., 88 Idaho 155, 397 P.2d 237 (1964).

The board's finding is supported by the record and its award is affirmed.

SMITH, McQUADE and SPEAR, JJ., and NORRIS, District Judge, concur.