SPECIAL INDEMNITY FUND, Claimant,

v.

Stanley R. SCOTT and The Workers' Compensation Court, Respondent.

No. 57279.

Supreme Court of Oklahoma.

Oct. 5, 1982.

Fred Nicholas, Jr., Robert Highsaw, Oklahoma City, for claimant.

Jamie Pitts, J. Mike Lawter, Oklahoma City, for respondent.

DOOLIN, Justice:

## I

In August 1980 Stanley R. Scott ("Claimant") sustained an on-the-job injury to his left leg, back, neck and right hand. His claim against his employer was settled by joint petition for 14% permanent partial disability. The settlement was approved by the Workers' Compensation Court on March 24, 1981.

Claimant subsequently filed a claim against the Special Indemnity Fund ("the Fund") asserting that he was a physically impaired person at the time of his industrial accident by reason of congenital pilonidal cyst. The Fund did not stipulate that Claimant was a previously impaired person.

At the hearing before the Workers' Compensation Court, Judge Cross presiding, Claimant testified that the cyst, located on the tailbone, had developed in 1944. He stated that he had had two surgical operations to correct the congenital condition. He described his symptoms as periodic drainage of the cyst, pain and numbness from sitting. Claimant testified that both the pain and drainage had worsened since the industrial accident.

Claimant's wife testified that the drainage had worsened, staining Claimant's outer garments and Claimant often had an expression of pain on his face when he sat down and that he occasionally screamed in his sleep.

■ Claimant introduced the report of Dr. M. which stated that Claimant was a previously impaired person by reason of the cyst. Claimant's previous impairment was rated at 10% permanent partial disability (PPD) and his impairment after the industrial accident was rated at 34% PPD, a material increase of 10%.[1]

The Fund introduced the report of Dr. F. which stated the cyst was not apparent to

---

1. The amount of material increase is calculated by subtracting the percentages of Claimant's previous disability and work-related disability from his total percentage of disability after the work-related injury. 85 Okla.Stat.1981, § 172. Compare, *J.C. Penney Co. v. Crumby*, 584 P.2d 1325 (Okl.1978).

the layman and not disabling. Dr. F. concluded that Claimant was not a previously impaired person.

The Workers' Compensation Court found that Claimant was a previously impaired person and had sustained a 2% material increase in disability by the combination of the previous impairment and industrial accident.[2] The Workers' Compensation Court en banc affirmed.

The Fund appeals, asserting that the evidence was insufficient to support the trial court's findings.

## II

The Special Indemnity Fund was created[3] to remove a barrier to the employment of physically impaired persons: to relieve employers from liability for disabilities not resulting from work-related injuries. *J. C. Penney v. Crumby,* 584 P.2d 1325 (Okl.1978); *Special Indemnity Fund v. Lee,* 550 P.2d 568 (Okl.1976); *Special Indemnity Fund v. Wade,* 199 Okl. 547, 189 P.2d 609 (1948). In order for liability of the Fund to attach: (1) Claimant must be a physically impaired person as defined by 85 Okla. Stat. 1981, § 171; (2) have suffered a subsequent work-related injury and (3) suffered greater disability from the impairment and injury combined.

Section 171 of 85 Okla.Stat.1981[4] defines physical impairment as any physical condition which (1) has been adjudicated as disability or (2) is obvious and apparent from observation and examination by an ordinary layman. Claimant's condition falls within the latter class. On review, the Supreme Court will independently examine the facts to determine if Claimant is a physically impaired person within the meaning of 85 Okla. Stat. 1981, § 171.

A previous unadjudicated impairment may be established either by lay or medical testimony. *Special Indemnity Fund v. Roberts,* 356 P.2d 561, 563 (Okl. 1960). The requirement that the impairment be obvious and apparent to a layman is established (1) when the condition itself is obvious and apparent or (2) when the condition is manifested by constant, everyday conduct or movement which demonstrates a pronounced physical defect or impairment. *Id.* See also *Threatt v. Special Indemnity Fund,* 571 P.2d 465 (Okl.1977).

After careful examination of the record, we hold that the evidence was sufficient to establish that Claimant was a physically impaired person within the meaning of 85 Okla.Stat.1981, § 171.

AFFIRMED.

LAVENDER, SIMMS, HARGRAVE and WILSON, JJ., concur.

IRWIN, C.J., BARNES, V.C.J., and HODGES and OPALA, JJ., dissent.

2. Ten weeks of permanent partial disability benefits at $80.00 per week for a total of $800.00.

3. 85 Okla.Stat.1981, §§ 171–176.

4. 85 Okla.Stat.1981, § 171 provides:
"For the purpose of Sections 171–176 of this title, the term "physically impaired person" is hereby defined to be a person who as a result of accident, disease, birth, military action, or any other cause, has sustained an injury to any party of the body or a specific member *thereof such as is obvious and apparent from observation or examination by an ordinary layman,* that is, a person who is not skilled in the medical profession, or any disability which previously has been adjudged and determined by the State Industrial Court of the State of Oklahoma, a Judge of the Workers' Compensation Court of Oklahoma or the state industrial court, board, or commission of any other state in the United States; provided, further, that any disability previously adjudicated by any such court, board or commission, whose duty it is to adjudicate disability under workers' compensation claims, or any disability or combination of disabilities herein set out, or set out in Section 22 of this title under the "other cases: provision of the Workers' Compensation Act[1] of the State of Oklahoma, or any other state or federal board, agency or commission, shall be prima facie evidence that the claimant is a "physically impaired person" to such an extent that the Court shall have jurisdiction to hear and determine the nature and extent of any increase in disability by reason of the combination of such multiple disabilities." (Emphasis ours).