**SPECIAL INDEMNITY
FUND, Petitioner,**

v.

**Jack FIGGINS, and the Workers'
Compensation Court,
Respondents.**

No. 76435.

Supreme Court of Oklahoma.

May 5, 1992.

Malcolm D. Smith, Oklahoma City, for petitioner.

Thomas A. Layon, Tulsa, for respondents.

KAUGER, Justice.

A single issue of first impression is presented—what is a major member within the meaning of 85 O.S. 1991 § 171.[1] We find that pursuant to 85 O.S. 1991 § 171, a major member is a hand, an arm, a foot, or a leg. (Because § 171 specifically includes the loss of sight in its definition of a physically impaired person, it is no longer necessary to include the eyes within the more general term "major member".) A previously unadjudicated injury to the lungs and the respiratory system does not qualify an employee as a physically impaired person entitled to recovery from the petitioner, the Special Indemnity Fund (Indemnity Fund).[2]

1. Title 85 O.S. 1991 § 171 provides:
"For the purpose of Sections 171 through 176 of this title, the term 'physically impaired person' is hereby defined to be a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of a major member of his body, or the loss of the use or partial loss of the use of a major member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously has been adjudged and determined by the Workers' Compensation Court including all separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time."
Because compensation was sought here after the last amendment to § 171, reference is made to the 1991 codified statutes.

2. Title 85 O.S. 1991 § 172 provides in pertinent part:
"A. If an employee who is a 'physically impaired person' receives an accidental personal injury compensable under the Workers' Compensation Act, which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compen-

## FACTS

While serving in the United States Navy in 1945, the respondent, Jack Figgins (Figgins/employee), developed bronchial asthma. On May 9, 1988, Figgins injured his back. He was employed by Broken Arrow Public Schools (Broken Arrow/employer). The workers' compensation claim was settled by joint petition on October 23, 1989. Figgins was awarded a lump sum benefit based on a 10% permanent partial disability to the whole person. On November 21, 1989, Figgins filed a claim against the Indemnity Fund asserting additional permanent disability resulting from his status as a previously impaired person.[3]

The cause was tried on June 6, 1990. Figgins presented testimony that his breathing disorder was obvious and apparent to a lay person. His medical evidence was presented in reports from Dr. Schoborg. The reports indicated that Figgins had sustained a 30% disability resulting from his asthma and that the 10% disability from the back injury combined to produce a

sation on the basis of such combined disabilities. Only disability due to an injury to the body as a whole shall be combinable with a prior body disability, except that disability to a major member may be combined with disability to the body as a whole. If such combined disabilities constitute partial permanent disability as now defined by the Workers' Compensation Act of this state, then such employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury, and in addition thereto such employee shall receive full compensation for his combined disability as above defined, after deducting therefrom the percent of that disability that constituted the employee a 'physically impaired person', as defined herein, all of which shall be computed upon the schedule and provision of the Workers' Compensation Act of this state. Provided the employer shall be liable only for the degree of percent of disability which would have resulted from the latter injury if there had been no preexisting impairment. After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund provided for in Section 173 of this title, in periodic installments...."

3. Title 85 O.S. 1991 § 171, see note 1, supra; 85 O.S. 1991 § 172, see note 2, supra.

65% disability—a material increase of 25%. The Indemnity Fund's medical expert, Dr. Young, prepared a report stating that Figgins' asthma was not obvious and apparent. Without rating the asthmatic condition, Dr. Young concluded that there was no material increase in impairment. Figgins did not object to Dr. Young's report. The trial court combined the asthma and back injury and awarded Figgins a 25% material increase of $21,625.00. A divided *en banc* Panel affirmed. The Court of Appeals sustained the order. We granted certiorari on March 10, 1992, to consider a question of first impression—what is a major member within the meaning of 85 O.S. 1991 § 171.

PURSUANT TO 85 O.S. 1991 § 171, A MAJOR MEMBER IS A HAND, AN ARM, A FOOT, OR A LEG. (BECAUSE § 171 SPECIFICALLY INCLUDES THE LOSS OF SIGHT IN ITS DEFINITION OF A PHYSICALLY IMPAIRED PERSON, IT IS NO LONGER NECESSARY TO INCLUDE THE EYES WITHIN THE MORE GENERAL TERM "MAJOR MEMBER".) A PREVIOUSLY UNADJUDICATED INJURY TO THE LUNGS AND RESPIRATORY SYSTEM DOES NOT QUALIFY AN EMPLOYEE AS A PHYSICALLY IMPAIRED PERSON ENTITLED TO RECOVERY FROM THE SPECIAL INDEMNITY FUND.

The Indemnity Fund asserts that Figgins was not a physically impaired person pursuant to 85 O.S. 1991 § 171[4] when he injured his back. It argues that impairment to the lungs is not the loss or the partial loss of a major member within the meaning of § 171. Figgins insists that the respiratory system is a "sufficiently major member" of the body to support the award for additional disability to the body as a whole. We disagree.

The Special Indemnity Fund Act (Indemnity Act) was originally enacted as House Bill No. 249 of the 1943 regular session of the Oklahoma Legislature.[5] Before creation of the Indemnity Fund, it was extremely difficult for physically impaired persons to obtain employment. If an impaired person suffered an on-the-job injury causing additional disability because the injured employee was a physically impaired person, full responsibility for compensation fell on the employer or the insurance carrier.[6] A strict enforcement of the full responsibility rule created a natural reluctance on the part of employers to hire or retain employees suffering from an obvious handicap.[7] In *Nease v. Hughes Stone Co.*, 114 Okl. 170, 244 P. 778, 780 (1925), this Court held that a person who, when hired, had the use of only one eye was entitled to permanent total disability when he suffered the loss of the second eye in an on-the-job injury. The employer in *Nease* asserted that because the employee lacked the use of one eye when he was hired, he was only entitled to compensation for the scheduled loss of one eye. Under the Court's ruling, the employer was liable for the totality of the disability awarded. According to 2 Larson, *The Law of Workmen's Compensation*, p. 10–492.397, § 59.-31(a) (Matthew Bender 1992), within thirty days following the pronouncement of the non-apportionment rule in *Nease* between seven and eight thousand one-eyed, one-legged, one-armed, and one-handed workers were displaced in Oklahoma.

The purpose of the Indemnity Fund is to encourage employment of previously impaired workers.[8] Pursuant to § 172 of the Indemnity Act, a physically impaired person who is injured in a second accident is

4. Title 85 O.S. 1991 § 171, see note 1, supra.

5. *Grammer v. State Indus. Court*, 435 P.2d 101, 103 (Okla.1967); G. Fisher, "Practice Before the State Industrial Commission," 7 Okla.L.Rev. 189, 195 (1954).

6. *Special Indem. Fund v. Davidson*, 196 Okl. 118, 162 P.2d 1016–17 (1945); G. Fisher, "Practice Before the State Industrial Commission," see note 5 at 196, supra.

7. E. Blair, "Reference Guide to Workmen's Compensation (A Quick Retrieval Handbook)," § 11:14 (Thomas Law Book Co. 1973).

8. *Special Indem. Fund v. Treadwell*, 693 P.2d 608, 610 (Okla.1984); J. Nackley, *Primer on Workers' Compensation*, Ch. 9, p. 96 (Bureau of Nat'l Affairs 1989).

entitled to compensation for the totality of his/her disability. However, the employer is liable only for the amount of disability caused by the subsequent accident. The Indemnity Fund is responsible for excess awards resulting from combined disabilities.[9]

Section 171 defines a physically impaired person as:

"... (A) person who ... has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of a major member of his body, or the loss of the use or partial loss of the use of a major member such as is obvious and apparent from observation or examination by an ordinary layman ... or any disability which previously has been adjudged and determined by the Workers' Compensation Court ..."

Before an award against the Indemnity Fund can be sustained, the claimant must show that he/she is a physically impaired person within the meaning of § 171.[10] Because Figgins' asthmatic condition has not been adjudicated as a workers' compensation injury,[11] he qualifies as a physically impaired person only if the respiratory system is a "major member" within the meaning of § 171.

The term "major member" is not statutorily defined. To ascertain its meaning, we must determine the legislative intent.[12] Legislative familiarity with extant judicial construction of statutes is presumed. Unless a contrary intent clearly appears or is plainly expressed, the terms of amendatory acts retaining the same or substantially similar language as the provisions formerly in force will be accorded the identical construction to that placed upon them by preexisting case law.[13] If a former statute is clear or its meaning has been judicially determined, legislative amendment may reasonably indicate a legislative intent to alter the law.[14]

From its enactment in 1943 until its revision in 1976, § 171 provided that a physically impaired person was one who had suffered the loss by amputation of the whole or a part of some member of the body or the loss of the use, or partial loss of the use, of a specific member.[15] Under the original statute, the reference to a specific member in § 171 was interpreted to include only those body parts specifically scheduled for compensation—thumbs, fingers, toes and hands, arms, feet, legs, and eyes.[16]

9. Title 85 O.S. 1991 § 172, see note 2, supra; J. Bates, "Workers' Compensation—Second Injury Liability & the Application of the Special Indemnity Fund," 4 Okla. City U.L.Rev. 335–36 (1979).

10. Reynolds v. Special Indem. Fund, 725 P.2d 1265, 1267–68 (Okla.1986); Special Indem. Fund v. Smith, 349 P.2d 759–60 (Okla.1960); Special Indem. Fund v. Edmonds, 203 Okl. 419, 222 P.2d 742 (1950). The claimant must also establish that: 1) he/she suffered a subsequent injury compensable under the Workers' Compensation Act, 85 O.S. 1991 § 1 et seq., resulting in further permanent impairment or disability; 2) the preexisting impairments may be combined with those from the last compensable accident; and 3) the disability resulting from the combination of the worker's new injury with prior impairments is materially greater than that which would have resulted from the last injury alone. Reynolds v. Special Indem. Fund, see this note, supra; 85 O.S. 1991 § 171, see note 1, supra.

11. Special Indem. Fund v. Bonny, 431 P.2d 391, 394 (Okla.1966); Special Indem. Fund v. Pogue, 389 P.2d 629, 630–31 (Okla.1964); Special Indem. Fund v. Tyler, 369 P.2d 180, 184 (Okla. 1961).

12. Fuller v. Odom, 741 P.2d 449, 452 (Okla.1987); Matter of Phillips Petroleum Co., 652 P.2d 283, 285 (Okla.1982); Becknell v. State Indus. Court, 512 P.2d 1180, 1183 (Okla.1973).

13. Lekan v. P & L Fire Protection Co., 609 P.2d 1289, 1292 (Okla.1980); Letteer v. Conservancy Dist. No. 30, 385 P.2d 796, 801 (Okla.1963); Horath v. Pierce, 506 P.2d 548, 55–54 (Okla.1973).

14. Irwin v. Irwin, 433 P.2d 931, 934 (Okla.1965); Tom P. McDermott, Inc. v. Bennett, 395 P.2d 566, 569–70 (Okla.1964); County Bd. v. Muskogee Indus. Fin. Corp., 357 P.2d 224, 227–28 (Okla.1960).

15. Title 85 O.S. Supp. 1943 § 171 provides in pertinent part:

"... the term 'physically impaired person' is hereby defined to be a person who ... has suffered the loss by amputation of the whole or a part of some member of his body, or the loss of the use, or partial use, of a specific member ..."

16. See, 85 O.S. 1991 § 22(3).

The 1976 amendment provides that a physically impaired person is a person who has sustained an injury to any part of the body or a specific member thereof.[17] When the statute was amended again effective July 1, 1978, it retained the language contained in its 1976 predecessor.[18] Section 171 obtained its present form in a 1986 amendment. The Legislature deleted the reference to "any part of the body" and substituted the term "major member" for "specific member".[19]

There is a body of case law interpreting the original version of § 171. In *Special Indem. Fund v. Davidson*, 196 Okl. 118, 162 P.2d 1016, 1018 (1945), this Court held that injuries to minor specific members could not be combined with an unadjudicated injury for additional recovery against the Indemnity Fund. In doing so, the Court differentiated between minor members and major members. The *Davidson* court denoted thumbs, fingers, and toes as minor specific members and eyes, hands, feet, and legs as major specific members.[20] The meaning attributable to a major member was further defined in subsequent

cases. In *Special Indem. Fund v. Wade*, 199 Okl. 547, 189 P.2d 609–10 (1948), major members were referred to as the eyes, legs, feet, arms, and hands. In *Special Indem. Fund v. Taylor*, 199 Okl. 571, 18º P.2d 866–67 (1948), hands and feet were classified as major members. The legs and feet were denominated "major members" in *Special Indem. Fund v. Kilgore*, 203 Okl. 241, 219 P.2d 1001, 1003 (1950). In *Stoldt Builders, Inc. v. Thomas*, 393 P.2d 875, 877 (Okla.1964), legs and arms were referred to as "major members".[21] Under these cases, the term "major member" became a term of art in workers' compensation law encompassing the eyes, arms, hands, feet, and legs. Persons with unadjudicated injuries not associated with members of the body were not entitled to recovery from the Indemnity Fund.[22]

*Special Indem. Fund v. Scott*, 652 P.2d 278, 280 (Okla.1982) was decided under the second version of § 171 in which the Legislature provided that a physically impaired person is one who has sustained an injury to any part of the body or a specific member thereof.[23] Without discussing our pri-

**17.** Title 85 O.S. Supp.1976 § 171 provides in pertinent part:

"... the term 'physically impaired person' is hereby defined to be a person who ... has sustained an injury to any part of the body or a specific member thereof ..."

**18.** Title 85 O.S. Supp.1978 § 171 provides in pertinent part:

"... the term 'physically impaired person' is hereby defined to be a person who ... has sustained an injury to any part of the body or a specific member thereof ..."

**19.** Title 85 O.S.1991 § 171, see note 1, supra.

**20.** *Boxleitner v. St. Maries Plywood Co.*, 91 Idaho 852, 433 P.2d 122, 125 (1967).

**21.** See also, *Transcon Lines v. Brotherton*, 438 P.2d 935, 937 (Okla.1967) (A leg is a major member.); *Clark v. Keller Williams Furniture Mfg.*, 456 P.2d 541–42 (Okla.1969) (A leg is a major member.).

**22.** *Whaley v. Special Indem. Fund*, 545 P.2d 775, 778 (Okla.1976) (Pre-existing unadjudicated heart condition alone not sufficient to render a claimant a physically impaired person.); *Special Indem. Fund v. Tyler*, see note 11 at 183, supra (A pre-existing heart condition does not render an employee a physically impaired person unless the Workers' Compensation Court has previ-

ously adjudged and determined that the condition is a disability.); *Special Indem. Fund v. Roberts*, 356 P.2d 561–62 (Okla.1960) (A prior unadjudicated disability to the back does not constitute an employee a physically impaired person unless the disability affects a specific member.); *Special Indem. Fund v. Wade*, 199 Okl. 547, 189 P.2d 609, 611 (1948) (An injury to the hip or back may not be combined with an injury or disability to the leg in order to bring the claimant within the coverage of the Indemnity Fund.).

**23.** Title 85 O.S. Supp.1976 § 171, see note 17, supra; 85 O.S. Supp.1978 § 171, see note 18, supra.

Although Larsen acknowledges that almost half of the states having second injury funds limit recovery to specific prior injuries that take the form of the loss of use of a member or an eye, he criticizes Oklahoma's refusal to extend the definition of a physically impaired person to include other injuries. 2 Larsen, *The Law of Workmen's Compensation*, pp. 10–492.467, 10–492.470–71, § 59.31(A) (Matthew Bender 1992). However, Oklahoma's statute is the only statute providing that the impairment must be obvious and apparent to a lay person. See, J. Bates, "Workers' Compensation—Second Injury Liability & the Application of the Special Indemnity Fund," see note 9 at 339, supra.

or case law, we recognized in *Scott* that under 85 O.S. 1981 § 171 [24] a physical impairment is any physical condition which: 1) has been adjudicated as a disability; or 2) is obvious and apparent from observation and examination by an ordinary layman. In *Scott*, this Court found that a congenital pilonidal cyst located on the tailbone was combinable with an on-the-job injury to sustain an award against the Indemnity Fund.

If § 171 presently retained the form considered in *Scott*, a previously unadjudicated impairment to the lungs might be combinable with a job-related injury to justify an award against the Indemnity Fund. We are unprepared to say that the lung injury here would have been sufficient to constitute Figgins a previously impaired person even under the earlier statute.[25] Figgins presented lay testimony from his nephew that the employee often had difficulty in breathing when exerting himself and that the condition was obvious on numerous occasions. However, in *Special Indem. Fund v. Scott*, 652 P.2d 278, 280 (Okla.1982), we discussed the requirement that an impairment be obvious and apparent to a laymen. The Court stated that the requirement that the impairment be obvious and apparent to a laymen is established when: 1) the condition itself is obvious and apparent; or 2) the condition is manifested by constant, everyday conduct or movement which demonstrates a pronounced physical defect or impairment.

Nevertheless, on the date of Figgins' injury, the statute had been altered. When the Legislature amended § 171 in 1986, it deleted the reference to "any part of the body" and substituted the term "major member"—a term of art in workers' compensation law encompassing the extremities [26]—for "specific member." Under prior case law, this Court used the term major member to identify the arms, hands, legs, feet, and eyes.[27] Because § 171 specifically includes the loss of sight in its definition of a physically impaired person, it is no longer necessary to include the eyes within the more general term "major member".

The deletion of the reference to any part of the body indicates the legislative intent to narrow rather than to expand its definition of a physically impaired person within the meaning of § 171. We presume that the Legislature is cognizant of our prior jurisprudence [28] establishing the definition of a major member as an arm, a hand, a leg or a foot. We find that pursuant to 85 O.S. 1991 § 171,[29] a major member is a hand, an arm, a foot, or a leg. A previously unadjudicated injury to the lungs and the respiratory system does not quality an employee as a physically impaired person entitled to recovery from the Indemnity Fund.

Even if we were to assume that the Legislature was not aware of the judicially determined meaning of major member, we would be constrained to find that the lungs are not encompassed within the meaning of the term. Section 171 provides that a physically impaired person is one who has lost by amputation part or all of a major member or the loss of use or partial loss of use of a major member. The Legislature's use of the word amputation in conjunction with the term major member indicates that it was referring to the body's extremities. The lungs, the heart, and the kidneys are essential to the functioning of the human body.. However, one would not refer to the amputation of these organs in common par-

---

**24.** Title 85 O.S.1981 § 171 provides in pertinent part:
"... the term 'physically impaired person' is ... a person who ... has sustained an injury to any part of the body or a specific member thereof such as is obvious and apparent from observation or examination by an ordinary layman ..."

**25.** Id.

**26.** See discussion and accompanying footnotes, p. 8, supra.

**27.** *Stoldt Builders, Inc. v. Thomas*, 393 P.2d 875, 877 (Okla.1964); *Special Indem. Fund v. Kilgore*, 203 Okl. 241, 219 P.2d 1001, 1003 (1950); *Special Indem. Fund v. Taylor*, 199 Okl. 571, 188 P.2d 866–67 (1948).

**28.** *Irwin v. Irwin*, see note 14, supra; *Tom P. McDermott, Inc. v. Bennett*, see note 14, supra; *County Bd. v. Muskogee Indus. Fin. Corp.*, see note 14, supra.

**29.** Title 85 O.S.1991 § 171, see note 1, supra.

lance. Additionally, § 171 allows lay testimony to establish the existence of a previous disability. The disability must be obvious and apparent from observation or examination. The amputation or loss of use of an arm, a hand, a leg, or a foot would be easily discerned by casual observation. It would be difficult or impossible to pick a person out of a crowd who had lost the function of his/her kidneys and relied upon dialysis to function normally.

## CONCLUSION

The Special Indemnity Fund was established to reduce, not to eliminate, the number of physically handicapped persons who employers might hesitate to hire because of possible liability for impairment beyond that suffered in an on-the-job injury. Employers are protected against additional liability for that class of individuals identified as physically impaired persons in 85 O.S. 1991 § 171.[30] Here, Figgins may recover only if he has suffered the loss of a major member within the meaning of § 171. Pursuant to 85 O.S. 1991 § 171, a major member is a hand, an arm, a foot, or a leg. (Because § 171 specifically includes the loss of sight in its definition of a physically impaired person, it is no longer necessary to include the eyes within the more general term "major member".) Figgins' previously unadjudicated injury to the lungs and the respiratory system does not qualify him as a physically impaired person entitled to recovery from the Indemnity Fund.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; THREE–JUDGE PANEL AND TRIAL COURT OVERRULED.

HODGES, V.C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON and SUMMERS, JJ., concur.

OPALA, C.J., concurs in result.

---

**30.** *Grammer v. State Indus. Court,* see note 5 at     105; 85 O.S.1991 § 171, see note 1, supra.