Edward Lee BARCLAY, Petitioner,

v.

SPECIAL INDEMNITY FUND and
the Workers' Compensation
Court, Respondents.

No. 81086.

Court of Appeals of Oklahoma,
Division No. 3.

Oct. 5, 1993.

Lewis A. Berkowitz, Tulsa, for petitioner.

Robert Highsaw, Oklahoma City, for respondents.

## OPINION

BAILEY, Judge:

Edward Lee Barclay (Claimant) seeks review of the Trial Court's order finding lack of jurisdiction to adjudicate Claimant's claim against Special Indemnity Fund (Fund) for additional benefits as a physically impaired person. In this appeal, Claimant challenges the Trial Court's order as (1) erroneously applying case law retrospectively, (2) lacking sufficient clarity, and (3) unsupported by any competent evidence.

In July 1991, Claimant filed his Form 3 alleging an employment-related injury to his head, face, neck, stomach, chest, left shoulder, and arm, with psychological overlay. The Workers' Compensation Court awarded Claimant benefits for fourteen percent (14%) permanent partial disability (PPD) to the body as a whole due to injury to the head.

In July 1992, Claimant filed a Form 3–F initiating this action against Fund, by which Claimant asserted entitlement to an award of additional permanent disability as a physically impaired person. At trial, Claimant adduced evidence of a 1979 injury to his left shoulder, obvious and apparent to an ordinary layman. The Trial Court entered its order recognizing Claimant's previously adjudicated injury to head, but finding no jurisdiction to entertain Claimant's action against Fund under *Special*

*Indemnity Fund v. Figgins.*[1]   Claimant appeals.

We first note:

> The purpose of the Indemnity Fund is to encourage employment of previously impaired workers.... [A] physically impaired person who is injured in a second accident is entitled to compensation for the totality of his/her disability. However, the employer is liable only for the amount of disability caused by the subsequent accident. The Indemnity Fund is responsible for excess awards resulting from the combined disabilities.

> .    .    .    .    .

> Before an award against the Indemnity Fund can be sustained, the claimant must show that he/she is a physically impaired person within the meaning of [85 O.S.] § 172.

*Figgins,* 831 P.2d at 1381–1382.

Thus, in order for Claimant to prevail against Fund, Claimant need only show he is a physically impaired person as statutorily defined in Title 85.

In that regard, prior to 1986, § 171 defined a physically impaired person as a person who sustained an injury to *any part of the body or a specific member thereof* such as is obvious and apparent from observation or examination by an ordinary layman.[2]   In 1986, the Oklahoma Legislature amended § 171 to provide, in pertinent part:

> [T]he term physically impaired person is hereby defined to be a person who ... has suffered ... the loss of the use or partial loss of the use of a *major member* such as is obvious and apparent from observation or examination by an ordinary layman....

85 O.S.Supp.1986 § 171.   (Emphasis added.)

In *Figgins,* the Oklahoma Supreme Court construed the term major member as used in § 171.   There, a claimant with a prior service-related, unadjudicated injury to lungs and respiratory system sustained an employment-related injury.   After adjudication of employment-related injury, the claimant sought additional recovery against Fund as a physically impaired person, and the Workers' Compensation Court granted Claimant benefits.   However, the Supreme Court vacated the award, and held major member as used in the 1986 amendment to § 171 referred only to eye, hand, arm, foot, or leg.[3]

■ In his first proposition, Claimant asserts the Trial Court erroneously and impermissibly applied the holding of *Figgins* retrospectively to his claim.   We disagree. The statutorily codified law in effect at the time of the employment-related injury controls recovery in workers' compensation cases, not the date of the case interpreting the statute.[4]   To hold otherwise would leave the 1976 provisions of § 171 in effect, superseding the 1986 amendment thereto unless or until appellate review and construction of the 1986 amendment, a clearly absurd result.

■ In the present case, the evidence showed that Claimant sustained an employment-related injury in 1991, and in 1992 sought additional recovery against Fund as a physically impaired person due to the unadjudicated 1979 injury to his shoulder. Thus, the 1986 amendment to § 171, as the law in effect at the time of the injury and construed in *Figgins,* controls to restrict recovery against Fund to those claimants who, having sustained a compensable employment-related injury, suffer from a prior physical impairment, i.e., the loss of use of a major member.   Claimant having suf-

1.   831 P.2d 1379 (Okl.1992).

2.   85 O.S.Supp.1976 § 171.   (Emphasis added.)

3.   *Figgins,* 831 P.2d at 1384.

4.   *Figgins,* 831 P.2d at 1384.   *See, also, Chamberlain v. American Airlines,* 740 P.2d 717 (Okl. 1987) (retrospective application of interpretation of statute providing for lump sum payments in Workers compensation cases); *State v. Beverage Lic. No. Bev–75–45, Etc.,* 561 P.2d 509 (Okl.1977) (Although decision had not been handed down at time of trial court's determination, principles of decision must be applied on review of trial court's determination in the absence of statement that principles had prospective application only).

fered no previous impairment to a major member, i.e., eyes, arms, hands, feet, and legs, we therefore find Claimant not entitled to recover additional compensation from Fund as a physically impaired person under § 171.[5]

In his second proposition, Claimant asserts the Trial Court's order lacks sufficient clarity and specificity for judicial review, requiring that we remand for further proceedings.[6] We again disagree. Although the Trial Court found no jurisdiction under the holding in *Figgins* to adjudicate the instant claim, clearly Claimant's action fell within the class of cases justiciable by the Workers' Compensation Court.[7] Nevertheless, it is equally clear from the Trial Court's order that the Trial Court felt bound by the precedential pronouncement in *Figgins* to deny Claimant's demand against Fund, a conclusion with which we agree.[8] Thus, and notwithstanding the Trial Court's perhaps unfortunate choice of language, we read the Trial Court's order as unambiguously denying Claimant the right to recover benefits from Fund under *Figgins*, and as such, we find the order drawn with sufficient specificity to allow for intelligent review.[9]

Finally, Claimant submits no competent evidence adduced to support the Trial Court's order, arguing his evidence established his status as a physically impaired person, obvious and apparent from observation or examination by an ordinary layman.[10] However, and having previously recognized herein under § 171 and *Figgins* that the physical impairment must involve loss of use of a major member (eye, arm, hand, leg, or foot), we find the obvious-and-apparent-to-a-layman requirement of no consequence when, as here, the action stands controlled by the major member provision of the 1986 amendment to § 171 and Claimant's physical impairment does not involve such a major member.

Finding the order of the Trial Court unaffected by error of law and otherwise supported by competent evidence, the order of the Trial Court is therefore SUSTAINED.

HUNTER, P.J., and GARRETT, J., concur.

---

**5.** *Figgins,* 831 P.2d at 1384.

**6.** *See, e.g., Bama Pie, Inc. v. Roberts,* 565 P.2d 31 (Okl.1977) (order determining degree of hearing impairment and capable of two constructions, one consistent and one inconsistent with statutory schedule of compensation, held lacking sufficient specificity to allow for intelligent review, and cause remanded for calculation of temporary total and permanent partial disability compensation); *Gleason v. State Ind. Court,* 413 P.2d 536 (Okl.1966) (where order is ambiguous as to degree of impairment suffered, held, findings and conclusions of trial court too indefinite and uncertain for judicial interpretation); *LeFlore Cty. Wholesale Groc. v. Heavener,* 400 P.2d 167 (Okl.1965) (order held not too uncertain and indefinite for judicial interpretation as to extent

of disability); *Reed v. City of Tulsa,* 397 P.2d 140 (Okl.1964) (order held ambiguous as to fact of injury and relationship thereof to employment, and cause remanded for further proceedings.)

**7.** 85 O.S. §§ 171 et seq.

**8.** *See also, Alimenta, U.S.A. v. Sawyers,* 654 P.2d 660, 662 (Okl.App.1984) ("[I]f the trial judge reached the correct result for the wrong reason his order must be upheld"); *accord, G.A. Mosites Co. of Ft. Worth, Inc. v. Aetna Cas. & Sur. Co.,* 545 P.2d 746 (Okl.1976).

**9.** *LeFlore Cty. Wholesale Groc.,* 400 P.2d at 170.

**10.** 85 O.S.1991 § 171.