James H. **LEE**, Petitioner,

v.

**SPECIAL INDEMNITY FUND, and the Workers' Compensation Court, Respondents.**

**No. 74306.**

Court of Appeals of Oklahoma,
Division No. 3.

July 3, 1990.

Rehearing Denied Sept. 5, 1990.

Certiorari Denied Oct. 30, 1990.

Albert M. Morrison and Michael A. Emmons, Oklahoma City, for petitioner.

Robert Highsaw, Oklahoma City, for respondents.

## MEMORANDUM OPINION

ADAMS, Judge:

A three judge panel of the Workers' Compensation Court, sitting *en banc*, sustained a trial court order finding James H. Lee (Claimant) had permanent partial disability of 82 per cent to the body as a whole. The sustained order further determined Claimant was a previously impaired person as defined in 85 O.S. 1990 Supp. § 171 and entitled to additional benefits from the Special Indemnity Fund (Fund). In doing so the trial court found that prior to his most recent injury Claimant had 30% permanent partial disability due to two previous injuries while employed in Texas. Claimant received workers' compensation benefits for these injuries under a settlement procedure similar to the "joint petition" procedure used in Oklahoma. The trial court also found Claimant sustained 50% disability to the body as whole as result of his most recent injury. Claimant received benefits for this disability from his employer under our "joint petition" procedure.

The trial court found:

That by reason of the combination of the above described injuries and disabilities and the material increase in disability occasioned thereby, claimant has sus-

**256**

tained 82 per cent permanent partial disability to the BODY AS A WHOLE ... leaving the Special Indemnity Fund liable for payment of compensation to claimant for 10 weeks ... same representing an increase of 2 per cent permanent partial disability to claimant's BODY AS A WHOLE.

Claimant appealed this order to a three judge panel, but Fund did not appeal. The three judge panel sustained the trial court, and both Claimant and Fund filed petitions for review. Claimant has moved to dismiss Fund's petition, claiming it was untimely.

 Claimant's motion is denied. 85 O.S.1990 Supp., § 3.6 gave Fund the option of appealing to the three judge panel or filing a petition for review with the Oklahoma Supreme Court. When Claimant appealed to the three judge panel, Fund's time to petition the Supreme Court for review stood suspended, since any such petition filed prior to the ruling of the three judge panel was "premature" under Rule 1.100(b), Rules of Appellate Procedure in Civil Cases, 12 O.S.1990 Supp., Ch. 15, App. 2. Fund timely perfected its appeal after the three judge panel sustained the trial court.

Since Fund's sole contention of error is jurisdictional, we will address it first. Fund argues the evidence did not demonstrate Lee was a "previously impaired" person as required by 85 O.S.1990 Supp., § 171. Fund says the Texas settlements are not adjudications of disability under our statute. As noted previously, the Texas settlements, which are part of this record, are substantially the same as the "joint petition" procedure used in Oklahoma, and there is no reason to treat them differently. A settlement on joint petition is clearly an adjudication and determination of disability under § 171. *Special Indemnity Fund v. Bonny*, 397 P.2d 152 (Okla. 1964). The trial court correctly concluded Lee was "previously impaired".

In support of his petition for review, Claimant argues the trial court's finding of 2 per cent material increase is unsupported by any competent evidence. It is axiomatic

that we must sustain the trial court or the three judge panel if the record contains any competent evidence supporting its conclusion. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okla.1984).

Claimant's doctor opined Claimant had a previous impairment of 45 per cent, was impaired 50 per cent as a result of the most recent injury, and was totally disabled as result of the combination of injuries. He found a material increase of 5 per cent. On the other hand, Fund's doctor viewed Claimant's previous impairment as only 20 per cent, although he agreed the most recent injury resulted in 50 per cent. He found no material increase as a result of the combined injuries, and stated Claimant was 70 per cent disabled as a result of his various injuries. The trial court's findings fall within the range established by this expert testimony, and we cannot say they are unsupported by competent evidence.

Claimant apparently objected in the trial court to Fund's medical report as incompetent, but did not raise this issue before the three judge panel, and does not assign the admission of this report as error in his brief or cite any authority supporting such a conclusion. Accordingly, Claimant is deemed to have abandoned his objection to that report, and the report is properly considered as supporting the decisions of the courts below.

The courts below correctly concluded Claimant was a previously impaired person entitled to additional compensation for a material increase in disability caused by the combination of his injuries. Competent evidence supports the finding of 2 per cent material increase, and the award must be sustained.

SUSTAINED.

HANSEN, P.J., and BAILEY, J., concur.