**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Robert H. MERGERSON and The Workers' Compensation Court, Respondents.**

No. 78518.

Court of Appeals of Oklahoma, Division No. 3.

June 2, 1992.

Rehearing Denied June 30, 1992.

Certiorari Denied Sept. 23, 1992.

Albert M. Morrison, Michael A. Emmons, Oklahoma City, for respondent.

David Custar, Oklahoma City, for petitioner.

## OPINION

HUNTER, Judge:

Respondent, Robert H. Mergerson, made a claim before the Workers' Compensation Court for benefits from the Special Indemnity Fund (Fund). He had sustained injuries in 1988 and 1987 in work-related accidents in Oklahoma. These combined injuries did not result in the total 17% disability required by 85 O.S.1991, § 172(C) to proceed against the Fund. However, Respondent had been injured in 1969 in a work-related accident in Texas which the Oklahoma Workers' Compensation Trial Court order found to have resulted in a 10% injury to the body as a whole. The trial court combined the Texas injury with the Oklahoma adjudications to allow recovery from the Fund. Fund contends that the trial court and the en banc panel who affirmed the trial court erred as a matter of law in allowing the Claimant to proceed as a physically impaired person.

■ Fund argues that the 1986 amendment to 85 O.S.1981, § 171, restricted the language of the Statute and reflected a legislative intent to discontinue allowing the combination of out-of-state adjudications of work-related injuries with Oklahoma adjudications to allow recovery from the Special Indemnity Fund. Respondent indicates that he agrees with the Fund's position but argues that he still qualifies as a "physically impaired person" under Section 171 because of his partial loss of use of a major member of his body such as is obvious and apparent from observation or examination by an ordinary layman. The loss he testified to was his inability to turn his neck from side to side because of his 1969 Texas injury.

■ This Court has previously held that adjudications of disability from other jurisdictions may be combined with those from the Oklahoma Workers' Compensation Court to allow claims against the Special Indemnity Fund. *Lee v. Special Indemnity Fund*, 800 P.2d 254 (Okl.App.1990). In Respondent's Texas case, the judgment for his injuries were the result of an adjudication whereby a jury affirmed an award from the Texas Industrial Accident Board. The trial court correctly concluded that Respondent was "previously physically impaired." However, Respondent's argument that he would qualify under the other definition of this statute because of partial loss of a major body member is no longer a viable position. The Oklahoma Supreme Court held in *Special Indemnity Fund v. Figgins*, 831 P.2d 1379 (1992), that the definition of major body member is limited to the extremities. The neck, not being defined as an extremity, is not a major body member.

Because of the foregoing, the Order of the Workers' Compensation Court allowing recovery from the Fund is sustained.

ORDER SUSTAINED.

HANSEN, V.C.J., and JONES, J., concur.