UNIT DRILLING CO., and Liberty Mutual Insurance, Petitioners,

v.

Gary ARMSTRONG, and The Workers' Compensation Court, Respondents.

No. 83430.

Court of Appeals of Oklahoma, Division 2.

Oct. 18, 1994.

---

Paul V. McGivern, Jr., Ronald E. Hignight, McGivern, Scott, Gilliard, Curthoys & Robinson, Tulsa, for petitioners.

Eddie L. Carr, Tulsa, for respondents.

RAPP, Judge.

Petitioners, Unit Drilling Co. and Liberty Mutual Insurance Company, appeal the three-judge panel's affirmation of the trial court's award of permanent total disability to the trial court claimant, Gary Armstrong, caused by a heart attack. The trial court did not find Armstrong to be a previously impaired person and did not apportion the award.

The facts are simple. Armstrong, while working on the floor of an oil rig, developed chest pain and heard something pop. Within 48 hours, he sought medical care. It was then determined he had suffered a shoulder injury and a heart attack. Employer does not contest the shoulder injury. The trial court appointed an independent medical expert to examine Armstrong. This expert determined Armstrong was permanently and totally disabled. The pertinent part of the report leading to this appeal states in part:

> It is, therefore, my opinion that the patient's myocardial infarction did aggravate a pre-existing condition which led to the resulting surgery 20 months later. It is also my opinion that the patient's hypertension and genetics played a role in this same aggravation. *I believe that genetics and high blood pressure are responsible*

*for some 60 percent of the patient's cardiac deterioration* and that the myocardial infarction itself is responsible for some 40 percent. (Emphasis added.)

The trial court awarded compensation after determining Armstrong had suffered a compensable injury to the heart arising out of and in the course of his employment, leaving him permanently and totally disabled.

Employer appealed to the three-judge panel, asserting the injury should have been apportioned in accord with 85 O.S.Supp.1993 § 22(7) and *Western Co. of North America v. Nicholson,* 854 P.2d 905 (Okla.1993). The three-judge panel affirmed. Employer appeals.

Employer, relying upon *Western,* asserts Armstrong's latent genetic condition and high blood pressure relieves it of bearing the entire compensation burden of Armstrong's heart attack arising out of and in the course of his work on the oil well floor. It asserts the injury should be apportioned. The record here shows no prior adjudication of injury which would, under 85 O.S.Supp.1993 §§ 171 and 172, place Armstrong in the category of a previously impaired person,[1] thereby allowing an apportionment of liability and requiring that Armstrong seek any differential from the Special Indemnity Fund. *See J.C. Penney Co. v. Crumby,* 584 P.2d 1325, 1329 (Okla.1978).

██ Employer's argument is based on the independent medical expert's finding that Armstrong's genetic makeup and high blood pressure contributed to his latent genetic disposition to cardiac problems. Employer attempts to equate a physically impaired person under section 171 with one who has high blood pressure and a latent genetic condition brought to the fore by an on-the-job injury. This argument is without merit. There is no medical evidence or any other evidence Armstrong knew of his high blood pressure or his genetic makeup. Evidence related to the 60 percent factor was obtained as a result of the accident. These conditions were not known to Armstrong prior to his injury and, but for

---

1. Armstrong had a prior adjudicated injury to his leg in Arkansas. However, under *Special Indem. Fund v. Bedford,* 852 P.2d 150 (Okla.1993), an out-of-state award of compensation does not qualify one as a previously impaired person under section 171.

the injury, might never have been discovered. Further, the medical expert's attribution of cause in part to a latent bodily defect is not of a nature contemplated by either section 171 or *Western.* This latent condition was aggravated or accelerated by Armstrong's work on the oil field platform, resulting in a heart attack and disability to Armstrong which did not previously exist. This type of injury is compensable. *See Capitol Steel & Iron Co. v. Austin,* 519 P.2d 1364 (Okla.1974).

Accordingly, the decision of the Workers' Compensation Court is affirmed.

REIF, C.J., and BOUDREAU, P.J., concur.