2002 OK CIV APP 76

**Henry WILKINS, Petitioner,**

v.

**ATLANTIC RICHFIELD CO., Ace American and The Workers' Compensation Court, Respondents.**

**No. 97,186.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 21, 2002.

Robert A. Flynn, Tulsa, OK, for Petitioner.

Kristin Blue Fisher, Feldman, Franden, Woodard & Farris, Tulsa, OK, for Respondent.

Opinion by CAROL M. HANSEN, Presiding Judge:

¶1 Petitioner, Henry Wilkins (Claimant), seeks review of a Workers' Compensation Court order finding his claim was barred, alternatively, by the limitations period set forth in 85 O.S.1991 § 43(A) (hereafter § 43(A)) for cumulative trauma injuries and occupational disease. We find Claimant's contention that § 43(A) is unconstitutional in that it affords disparate rules to claimants to be without merit and affirm.

¶2 Petitioner worked for Respondent, Atlantic Richfield Co. (Employer), for "close to 12" years, with employment voluntarily ending in November 1992. He filed his Form 3, Employee's First Notice of Accidental Injury and Claim for Compensation, on October 2, 1996, alleging cumulative trauma injury to "lungs, respiratory, joints, glands" due to "chemical exposure". He further alleged the date of last exposure was March 15, 1991. In its Answer, Employer, among other things, asserted statute of limitations as an affirmative defense.

¶3 In February 2001, Claimant amended his Form 3 filing with a Form 3–B, Employee's First Notice of Occupational Disease and Claim for Compensation. In this latter filing Claimant alleged injury to his lungs from chemical exposure, with partial loss of a lung. The date of last exposure was omitted, but the "[d]ate of first distinct manifestation" was noted on the form as February 1995.

¶4 At trial, Claimant announced the issue was "injury to the lungs and respiratory system due to a(sic) occupational disease, or in the alternative, a cumulative trauma exposure." Employer reiterated its defense of the statute of limitations as to either theory of recovery. The trial court denied the claim, finding it was barred by the statute of limitations "as to either theory of recovery alleged by the claimant." Claimant now seeks review of the trial court's order denying his claim.

¶5 A statute of limitations defense is treated as a true affirmative defense, and is not independently reviewed by this Court as a jurisdictional question. *Special Indemnity Fund v. Choate*, 1993 OK 15, 847 P.2d 796. If a Workers' Compensation Court determination on such a defense is reasonably supported by the evidence and not otherwise contrary to law, it will not be disturbed on review. *Id.*, at 804. Here, Claimant's lone contention is that § 43(A) is, in part, unconstitutional. Thus, by implication, he concedes the evidence supports the Workers' Compensation Court's statute of limitations findings. The question remains whether it is contrary to law.

¶6 Section 43(A) provides, in pertinent part:

A. The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court.... Provided further however, with respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure. Provided further however, in the case of asbestosis, silicosis or exposure to nuclear radiation causally connected with employment, a claim may be filed within two (2) years of the date of last hazardous exposure or within two (2) years from the date said condition first becomes manifest by a symptom or condition from which one learned in medicine could, with reasonable accuracy, diagnose such specific condition, whichever last occurs....

¶7 Claimant argues here on review that although he alternatively pleaded cumulative trauma injury, his expert evidence establishes he sustained an occupational disease due to chemical exposure, and that the limitation periods under § 43(A) did not bar his claim because the first distinct manifestation of the disease was in approximately May or June, 1995. Claimant recognizes § 43(A) only provides for application of a *first manifestation* test in cases of asbestosis, silicosis or exposure to nuclear radiation, but con-

tends that provision violates Article 5, § 59 of the Oklahoma Constitution as a special law disfavoring those who suffer from occupational diseases other than the three statutorily specified.

¶ 8 The true nature of Claimant's contention is reflected in his assertion this "disparate application of" § 43(A) is violative of the equal protection clause of the constitutions of Oklahoma and the United States. The Oklahoma Supreme Court considered a similar question in *McDonald v. Time–DC, Inc.*, 1989 OK 76, 773 P.2d 1252. The *McDonald* claimant argued the statute of limitations on his single-event injury did not begin to run until he "discovered" the full extent of his injury. The Supreme Court held the language of § 43 "militates against a construction that would allow engrafting a tort-like discovery rule" and went on to state:

> ... Only for asbestosis, silicosis or exposure to nuclear radiation does the limitation period now in effect begin to run from the date of manifestation. 85 O.S. Supp. 1986 § 43(A). The cited enactment's restriction operates as an explicit exception from the general regime for application to some forms of cumulative-effect injuries. The legislative enumeration of compensable harms singled out from others clearly prohibits a judicial extension of similar exceptions both to single-event or to other kinds of cumulative-effect injuries, regardless of apparent hardship or inconvenience.

*McDonald*, 773 P.2d at 1257.[1]

¶ 9 Thus, the *McDonald* Court expressly found the *first manifestation* test may only be applied in cases of those specifically enumerated conditions in § 43(A). The Court further held that a division of claimants based on the character of their disease or injuries did not "offend constitutional restrictions on the governmental use of classifications," noting:

> Single-event and cumulative-event injuries bear distinctive characteristics which require different treatment. Recognition of these separate classes is necessary for fair application of § 43's one-year (now two-year) limitation. It is hence rationally related to legitimate state interests in orderly adjudication of claims and in judicial economy. There is here no violation of the U.S. Constitution's Equal Protection Clause of the 14th Amendment.

*McDonald*, 773 P.2d at 1257.

¶ 10 The State has the same interests in extending the limitation period by application of a *first manifestation* test in only those certain limited circumstances where—as contrasted to other injuries and occupational diseases—[1] the harmful employment related effects are normally imperceptible to the senses, and [2] the injuries are at first asymptomatic with latency periods of many years before becoming manifest.[2] The limitations in § 43(A) allow no-fault compensation for loss of employees' earning power while imposing reasonable time limits on employers' liability particularized to the characteristics of each type of injury or disease. We find in the foregoing a legitimate state purpose in the § 43(A) classifications which satisfies a rational-basis inquiry. *Special Indem. Fund v. Bedford*, 1993 OK 60, 852 P.2d 150.

¶ 11 Claimant having conceded the evidence supports the Workers' Compensation Court's findings, and Claimant having failed

---

1. The Supreme Court has also specifically noted this § 43(A) differentiation in limitations periods between types of cumulative injuries or occupational diseases in other cases and has never suggested constitutional implications. *See, e.g. Sneed v. McDonnell Douglas*, 1999 OK 84, 991 P.2d 1001 ("Workers' Compensation claims for cumulative-trauma injuries—other than injuries caused by asbestosis, silicosis or nuclear radiation—must be brought within two years of last exposure to the harm-dealing micro trauma."), and *B.F. Goodrich Co. v. Williams*, 1988 OK 62, 755 P.2d 676 ("... this provision would clearly seem to indicate an intent of the Legislature to limit the effectiveness of the 'awareness doctrine' to the case specifically mentioned and to preclude its application in all other cumulative trauma or hazardous exposure cases.")

2. For cases acknowledging these exceptional characteristics of the conditions enumerated in § 43(A)—*See, Sopko v. Dowell Schlumberger, Inc.*, 21 P.3d 1265 (Alaska 2001) (silicosis, asbestosis); *Schirmer v. Homestake Min. Co.*, 118 N.M. 420, 882 P.2d 11 (1994) (exposure to radiation); *Tomlinson v. Owens–Corning Fiberglas Corp.*, 244 Kan. 506, 770 P.2d 833 (1989) (asbestos-related disease); and *White v. Johns–Manville Corp.*, 103 Wash.2d 344, 693 P.2d 687 (1985) (asbestos-related disease).

to established the order on review is contrary to law, that order is SUSTAINED.

MITCHELL, J., concurs; ADAMS, J., concurs in result.