2009 OK CIV APP 62

**Elias John FIERRO, Plaintiff/Appellant,**

v.

**LINCOLN GENERAL INSURANCE COMPANY, Defendant/Appellee,**

and

**Baljeet S. Sangha; and German Diaz, d.b.a. GD Transport, Inc., Defendants.**

No. 106,677.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 8, 2009.

Certiorari Denied June 29, 2009.

---

J. Mark McAlester, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, OK, for Defendant/Appellee.

KENNETH L. BUETTNER, Judge.

¶1 Plaintiff/Appellant Elias John Fierro (Fierro) alleged that a vehicle insured by Defendant/Appellee Lincoln General Insurance Company (Lincoln General) recklessly and negligently collided with his vehicle in Canadian County, Oklahoma, and caused him to suffer damages. The dispositive question is whether the Oklahoma Motor Carrier Act of 1995 permits a direct action against an interstate motor carrier's liability insurer, when the interstate motor carrier is properly registered in its home state. We answer in the negative and affirm the trial court's order granting Lincoln General's motion for summary judgment.[1]

¶2 Fierro filed his petition June 18, 2007, and alleged that on or about July 11, 2005, in Canadian County, Defendant Sangha recklessly and negligently caused his vehicle to collide with a vehicle driven by Fierro. The vehicle driven by Sangha was owned by Defendant German Diaz, d.b.a. GD Transport, Inc. and insured by Lincoln General. Fierro's petition claimed that pursuant to applicable motor carrier regulations, the insurance company was jointly liable for his damages.

¶3 All defendants responded. On September 8, 2008, Lincoln General filed a Motion for Summary Judgment. The undisputed material facts established that GD Transport operated as an interstate motor carrier, registered in the state of its principal place of business, California. Lincoln General stated that acting in accordance with the Interstate Motor Carrier Single State Registration requirements, neither GD Transport nor Lincoln General were subject to the licensing provision of either 47 O.S.2001 § 169 or § 230.30. In summary, Lincoln General concluded that Oklahoma does not permit a direct action against it, as the liability insurer, absent statutory authority. Fierro countered that single state registration has not changed Oklahoma's long-standing law that insurers are jointly liable.

Brent D. Berry, Carr & Carr, Oklahoma City, OK, for Plaintiff/Appellant.

---

1. The trial court found that, pursuant to 12 O.S. 2001 § 994, the judgment on the claim against Lincoln General Insurance Company was final and that there was no just reason for delay.

¶ 4 Lincoln General stated that GD Transport's USDOT number was 919372 and that GD Transport was insured by Lincoln General. It submitted an affidavit by the owner of GD Transport, as well as copies of the insurance policy in effect at the time of the accident and a Federal Motor Carrier Safety Administration history page for GD Transport.[2]

¶ 5 Lincoln General first based its legal claim that, as an interstate motor carrier, GD Transport does not operate pursuant to an Oklahoma Motor Carrier License. Hence, neither of the two statutes which might arguably apply, can. We agree. First, 47 O.S. 2001 § 169, **"Filing of certificates of insurance coverage as condition precedent to certificate or permit—Actions by injured party—Failure to maintain coverage,"** applies almost in whole to intrastate motor carriers whose cargo is household goods and used emigrant moveables. The Oklahoma Corporation Commission has promulgated rules with respect to §§ 161 through 180 at OAC 165:30–1–1 *et seq.* Even though early cases allowed direct action against the defendant's insurer pursuant to § 169, *Daigle v. Hamilton*, 1989 OK 137, 782 P.2d 1379, held that Oklahoma belonged to the majority of States which abided by the rule of no joinder of defendant's insurer unless there existed a contract permitting joinder, such as in uninsured motorist cases, or a statute allowed it. It recognized that § 169 permitted direct action against a motor carrier's insurer under circumstances where a municipal ordinance required insurance bonds for taxicabs and buses. However, the holding *Daigle* affirmed the trial court's dismissal of the insurer in an ordinary automobile negligence action. The court held that the compulsory insurance statute was not sufficient authority to authorize a direct action against an insurer.

¶ 6 In 1995, Oklahoma enacted the Motor Carrier Act of 1995, 47 O.S.2001 § 230.21 *et seq.*, in which it stated, in part, "The public policy of this state, as declared by the Legislature, requires that all existing intrastate certificates and permits granted by the Oklahoma Corporation Commission, except household goods and used emigrant movables, prior to January 1, 1995, are hereby revoked." The Act further provides: "The provision of the Motor Carrier Act of 1995, except as hereinafter specifically limited, shall apply to the transportation of passengers or property by motor carriers and private carriers, except motor carriers of household goods and used emigrant movables, over public highways of this state; .... Nothing herein shall be construed to interfere with the exercise by agencies of the government of the United States of its power of regulation of interstate commerce." 47 O.S.2001 § 230.22(B)(C)(D). Based on this legislation, we find § 169 is confined to household goods and used emigrant movables or other intrastate motor carriers, and thus, inapplicable. This view is bolstered by our review of the Oklahoma Corporation Commission's rules. Therefore, we turn to § 230 to determine whether there exists a direct action against a defendant motor carrier's insurer.

¶ 7 We find the rule from *Daigle* must guide us in this determination. There was a compulsory insurance requirement, but that requirement was satisfied by the submission of the home state's policy. Fierro has not shown an infraction by the insurer sufficient to make it a defendant pursuant to Oklahoma's Motor Carrier Act of 1995. Oklahoma takes part in the single state system, 47 O.S.2001 § 162.1,[3] that is, where interstate motor carriers register and insure in their home states. Section 230.30 plainly states that "... after judgment against the carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain such action." 47 O.S.2001 § 230.30(A). "The reasons given for the prohibition [defendant's insurer cannot be directly sued by a plaintiff], besides statutory directive, include policy, prohibition by judi-

---

2. Both parties submitted copies of United States District Court cases from the three districts of Oklahoma, and one 10th Circuit case, in which the accident occurred in 1994 and applied § 169.

3. Section 162.1 was enacted in 1993 and amended in 2006. The 2006 amendments do not affect the outcome in this case.

cial decision, lack of privity between the injured plaintiff and the insurer, misjoinder of the tort action and the action on the contract, and the enforcement of the "no-action" clause in the policy." *Daigle v. Hamilton,* 1989 OK 137, ¶ 5, 782 P.2d 1379, 1380.

¶ 8 We review motions for summary judgment *de novo. Carmichael v. Beller,* 1996 OK 48, 914 P.2d 1051. Fierro claims he will be prejudiced if the grant of summary judgment is affirmed. We have cited *Daigle's* reasons for the rule as well as the law. Because Fierro can proceed against Lincoln General if he prevails in his lawsuit, that is, after judgment, and the insurer does not then fulfill its duty, we cannot find prejudice in granting the summary judgment.

¶ 9 AFFIRMED.

BELL, P.J., concurs, and ADAMS, J., concurs in result with separate opinion.

ADAMS, J., concurring in result.

¶ 1 I concur in the result reached by the majority because the provisions of 47 O.S. 2001 § 230.30 apply only to those motor carriers required to obtain a license from the Oklahoma Corporation Commission. It is undisputed that GD Transport was not required to obtain such a license because it was properly registered in another state under the single state registration provisions.

¶ 2 However, I reject the apparent conclusion by the majority that § 230.30 does not authorize a direct action against the insurer where the motor carrier has an Oklahoma license. The language relied upon by the majority for its conclusion, "after judgment against the carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain the action," 47 O.S.2001 § 230.30(A), was a part of 47 O.S. 1991 § 169 prior to its amendment in 1995 to limit its application to motor carriers of household goods or used emigrant moveables. While I would agree that the quoted language appears to support the argument that a judgment against the motor carrier must precede any action against the insurer, I do not believe we are free to so conclude.

¶ 3 No matter how persuasive this analysis may be, we are bound by *Enders v. Longmire,* 1937 OK 154, ¶ 14–15, 67 P.2d 12, 15, which rejected this identical argument concerning identical statutory language, as follows:

> Had the Legislature intended that a judgment against the carrier must exist before suing the insurance or bonding company, it would have been very simple for the Legislature to have provided in the 1929 or the 1933 amendment, as follows:
>
> > "Only if, and after, judgment is secured against the carrier for any such damage, the injured party may maintain an action upon said policy or bond to recover the judgment theretofore secured against the carrier."
>
> No such amendment was adopted, nor anything like it in substance, and from the fact that neither the 1929 nor the 1933 Legislature substantially changed that part of said section upon which this court, in [*Temple v. Dugger,* 164 Okla. 84, 21 P.2d 482, and *Jacobsen v. Howard,* 164 Okla. 88, 23 P.2d 185,] held a joint action may originally be maintained against the carrier and its insurance company, we can only assume there was no legislative intent to prevent an original joint action against both the carrier and its surety.

¶ 4 Where the Legislature has reenacted a statute with the same or similar terms that have previously been construed by a court of last resort, we must presume the Legislature is familiar with the previous construction and intends to adopt that construction as a part of the statute, unless a contrary intent clearly appears. *Special Indemnity Fund v. Bedford,* 1993 OK 60, 852 P.2d 150.

¶ 5 Until the Oklahoma Supreme Court holds otherwise, I am constrained to conclude that a direct action by the injured party is available against the insurer for a motor carrier required to obtain a license from the Oklahoma Corporation Commission. Therefore, I concur in the majority opinion only in its result.