**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Socorro MENDEZ and the Workers' Compensation Court, Respondents.**

No. 84226.

Supreme Court of Oklahoma.

Dec. 10, 1996.

## ORDER

Robert Highsaw, State Insurance Fund, Oklahoma City, for Petitioner Special Indemnity Fund.

Jack G. Zurawik, Tulsa, for Respondent Socorro Mendez.

HARGRAVE, Justice.

### SUMMARY OF FACTS AND PROCEDURAL HISTORY

On October 22, 1992, Claimant Socorro Mendez filed a claim for additional disability benefits from the Special Indemnity Fund (Fund) due to the combined effect of a 1989 back injury and a 1973 finger injury. Claimant's back injury was eventually settled by Joint Petition filed on November 7, 1992, as a 40% permanent partial disability to the body. Since Claimant's prior injury had been settled by a Form 14 agreement filed on March 7, 1974, as a 100% permanent partial disability to his right ring finger, Fund stipulated at the trial held on February 23, 1994, that Claimant was a physically impaired person under 85 O.S.1991 § 171. Even so, Fund argued that injury could not be combined with Claimant's recent back injury because the finger injury was neither a "bodily disability" nor a "major member" under 85 O.S. Supp.1992 § 172.

The Workers' Compensation Court agreed with the Fund's stipulation, but not their argument, and found that: (1) Claimant had sustained a 4% permanent partial disability to the body as a whole due to the previous finger injury; and (2) the combination of the finger injury with the back injury resulted in a material increase in Claimant's disability to the body as a whole. The Fund filed an *en banc* appeal. The three judge panel affirmed the trial court's order. The Court of Civil Appeals sustained the three judge panel.

As its sole ground for reversal, the Fund argues that, according to 85 O.S. Supp.1992 § 172(A), a "minor member" such as a finger cannot be combined with a body injury to get an award of a material increase of disability. Section 172(A), in pertinent part, provides:

> If an employee who is a "physically impaired person" receives an accidental personal injury compensable under the Workers' Compensation Act which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities. Only disability due to an injury to the body as a whole shall be combinable with a prior body disability, except that disability to a major member may be combined with disability to the body as a whole. . . .

A plain reading of the applicable statute prohibits the combination of the finger with the body. "Only disability due to an injury to the body as a whole shall be combinable with a prior *body* disability, except that disability to a *major member* may be combined with disability to the body as a whole." 85 O.S. Supp.1992 § 172(A) (emphasis added). Title 85 O.S.1991 § 171 provides:

> For the purpose of Sections 171 through 176 of this title, the term "physically im-

paired person" is hereby defined to be a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of a major member of his body, or the loss of the use or partial loss of the use of a major member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously has been adjudged and determined by the Workers' Compensation Court including all separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time.

The issue of what is a major member within the meaning of 85 O.S.1991 § 171 has been previously addressed in *Special Indemnity Fund v. Figgins*, 831 P.2d 1379 (Okla. 1992). In *Figgins* we held that pursuant to 85 O.S.1991 § 171, a major member is a hand, an arm, a foot, or a leg. (Because § 171 specifically includes the loss of sight in its definition of a physically impaired person, it is no longer necessary to include the eyes within the more general term "major member".) A previous injury to the finger does not qualify an employee as a physically impaired person as it was neither the loss by amputation of the *whole or a part of a major member of his body,* nor the loss of the use or partial loss of the use of a major member.

Following the plain language of 85 O.S. Supp.1992 § 172(A), Claimant cannot prevail. This statute's plain language reads:

.... only disability due to an injury to the body as a whole shall be combinable with a prior body disability, except that disability to a major member may be combined with disability to the body as a whole....

Claimant cannot argue that his finger injury is an injury to the body as a whole. This Court has previously held that injuries to minor members are not computable as body disabilities. *Special Indemnity Fund v. Davidson,* 196 Okla. 118, 162 P.2d 1016, 1018 (1945). Therefore, Claimant's previous finger injury, which was not a bodily disability, is specifically exempted by the statute for the purposes of material increases in disability,

and since Claimant's previous finger injury was also not an injury to a "major member", Claimant's action against the Fund must fail.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS' OPINION VACATED; ORDER OF THE WORKERS' COMPENSATION COURT VACATED.**

All Justices concur.