**SPECIAL INDEMNITY
FUND, Petitioner,**

v.

**Cathy SCHULTZ, and the Workers'
Compensation Court,
Respondents.**

**No. 77363.**

Supreme Court of Oklahoma.

May 5, 1992.

---

**30.** *Grammer v. State Indus. Court,* see note 5 at 105; 85 O.S.1991 § 171, see note 1, supra.

David Custar, Oklahoma City, for petitioner.

Mark Lowery, Oklahoma City, for respondents.

KAUGER, Justice.

This cause is governed by our pronouncement in *Special Indem. Fund v. Figgins,* 831 P.2d 1379 (Okl.1992). Pursuant to *Figgins,* a major member within the meaning of 85 O.S.1991 § 171[1] is a hand, an arm, a foot, or a leg. A previously unadjudicated injury associated with the removal of the colon and rectum does not qualify an employee as a physically impaired person entitled to recovery from the petitioner, Special Indemnity Fund (Indemnity Fund).[2]

### FACTS

After being diagnosed with cancer, the respondent, Cathy Schultz (Schultz/employee), had her colon and rectum surgically removed in 1987. On May 10, 1988, Schultz injured her hand in a job-related fall. She was employed by Taco Bell (employer). On April 14, 1989, Schultz was awarded a lump sum benefit based on a 20% permanent partial disability to her left

---

1. Title 85 O.S.1991 § 171 provides:

"For the purpose of Sections 171 through 176 of this title, the term 'physically impaired person' is hereby defined to be a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of a major member of his body, or the loss of the use or partial loss of the use of a major member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously has been adjudged and determined by the Workers' Compensation Court including all separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time."

Because compensation was sought here after the last amendment to § 171, reference is made to the 1991 codified statutes.

2. Title 85 O.S.1991 § 172 provides in pertinent part:

"A. If an employee who is a 'physically impaired person' receives an accidental personal injury compensable under the Workers' Compensation Act, which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities. Only disability due to an injury to the body as a whole shall be combinable with a prior body disability, except that disability to a major member may be combined with disability to the body as a whole. If such combined disabilities constitute partial permanent disability as now defined by the Workers' Compensation Act of this state, then such employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury, and in addition thereto such employee shall receive full compensation for his combined disability as above defined, after deducting therefrom the percent of that disability that constituted the employee a 'physically impaired person', as defined herein, all of which shall be computed upon the schedule and provision of the Workers' Compensation Act of this state. Provided the employer shall be liable only for the degree of percent of disability which would have resulted from the latter injury if there had been no preexisting impairment. After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund provided for in Section 173 of this title, in periodic installments...."

hand. Schultz filed a claim against the Indemnity Fund asserting additional permanent disability resulting from her status as a previously impaired person on May 8, 1989.[3]

The cause was tried on March 13, 1991. Schultz's father testified that her condition was obvious and apparent in that she had difficulty in getting up and down due to her back.[4] Her medical evidence was presented in reports from Dr. Metcalf. The reports indicated that Schultz's condition was obvious and apparent.and that as a result of the combined injuries, she had a 36% permanent partial disability to the body as a whole—a material increase of 8%. The Indemnity Fund's medical experts both prepared reports. Dr. Massad's report indicated that the unadjudicated 1987 surgery was not combinable with the injury to the left hand. He also stated that there had been no disability to the body as a whole before the surgery on Schultz's hand. Dr. Young's report indicated that there was a 20% disability to the body as a whole due to the surgery and a 20% disability due to the injury to the left hand. Although Dr. Young's report states that the injuries are not combinable, he found a 28% injury to the body as a whole and indicated that this was not a material increase. The trial court combined the injury to the hand and the cancer-related surgery and awarded Schultz an 8% material increase. The Court of Appeals sustained the order. We granted certiorari on April 20, 1992.

PURSUANT TO OUR PRONOUNCE-MENT IN *SPECIAL INDEM. FUND v. FIGGINS* (No. 76,435, May 5, 1992), A MAJOR MEMBER WITHIN THE MEANING OF 85 O.S.1991 § 171 IS A HAND, AN ARM, A FOOT, OR A LEG. A PREVIOUSLY UNADJUDICATED INJURY ASSOCIATED WITH THE RE-MOVAL OF THE COLON AND REC-TUM DOES NOT QUALIFY AN EM-PLOYEE AS A PHYSICALLY IM-PAIRED PERSON ENTITLED TO RE-COVERY FROM THE SPECIAL IN-DEMNITY FUND.

 The Indemnity Fund asserts that Schultz was not a physically impaired person pursuant to 85 O.S.1991 § 171[5] when she injured her hand. It argues that the removal of the colon and rectum is not the loss or the partial loss of a major member within the meaning of § 171. Schultz insists that she was a physically impaired person when she injured her hand. We disagree.

In *Special Indem. Fund v. Figgins*, 831 P.2d 1379 (Okl.1992), we noted that the eyes are specifically dealt with in 85 O.S. 1991 § 171 and held that a major member is a hand, an arm, a foot, or a leg. The employee in *Figgins* suffered from asthma before incurring a.job-related injury to his back. We found that Figgins could not combine the previously unadjudicated injury to his lungs and respiratory system with his back injury to recover against the Indemnity Fund. The asthmatic condition did not qualify him as a previously impaired person. Here, Schultz asserts that the removal of her colon and rectum, an unadjudicated injury, brings her within the definition of a previously impaired person. This assertion contravenes our finding in *Figgins* that a major member is a hand, an arm, a foot, or a leg.

Section 171 provides that a physically impaired person is one who has lost **by amputation** part or all of a **major member** or the loss of use or partial loss of use of a **major member**. The Legislature's use of the word amputation in conjunction with

---

**3.** Title 85 O.S.1991 § 171, see note 1, supra; 85 O.S.1991 § 172, see note 2, supra.

**4.** Although Schultz argues in her response brief that her prior surgery had affected her legs, a careful reading of the transcript does not support the argument. At trial, Schultz testified that she couldn't walk long distances because it caused her back to hurt. When her father was questioned about her difficulty in getting up and down, he responded that it was because of her back. Counsel for Schultz asked a question of the trial court before the proceedings were ended concerning whether the Indemnity Fund was asserting that the back was not a major member. This elicited a positive response from the attorney for the Indemnity Fund. There was no testimony relating to the specific involvement of Schultz's legs at trial.

**5.** Title 85 O.S.1991 § 171, see note 1, supra.

the term major member indicates that it was referring to the body's extremities. Although we recognize that Schultz's colon and rectum were surgically removed, one would not refer to the amputation of these organs in common parlance. Additionally, § 171 allows lay testimony to establish the existence of a previous disability. The disability must be obvious and apparent from observation or examination. The amputation or loss of use of an arm, a hand, a leg, or a foot would be easily discerned by casual observation. Although a physician conducting an examination would probably detect the existence of a cholster bag, it would be difficult or impossible for a passerby on the street to detect its existence.

## CONCLUSION

Here, Schultz may recover only if she has suffered the loss of a major member within the meaning of 85 O.S.1991 § 171.[6] Pursuant to § 171 and this Court's pro-

6. Title 85 O.S.1991 § 171, see note 1, supra.

nouncement in *Special Indem. Fund v. Figgins*, 831 P.2d 1379 (Okl.1992), a major member is a hand, an arm, a foot, or a leg. Schultz's previously unadjudicated injury to her colon and rectum does not qualify her as a physically impaired person entitled to recovery from the Indemnity Fund.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT OVERRULED.

HODGES, V.C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON and SUMMERS, JJ. concur.

OPALA, C.J. concurs in result.