**Forest L. HART, Petitioner,**

v.

**SPECIAL INDEMNITY FUND and the Workers' Compensation Court, Respondents.**

No. 80877.

Court of Appeals of Oklahoma,
Division No. 1.

Oct. 12, 1993.

Rehearing Denied Dec. 7, 1993.

Certiorari Denied Jan. 25, 1994.

Timothy S. Reese, Oklahoma City, for petitioner.

Robert Highsaw, Oklahoma City, for respondents.

*MEMORANDUM OPINION*

JONES, Presiding Judge:

The sole issue presented for review in this proceeding is whether or not an unadjudicated hearing loss can be considered a "major member" under 85 O.S.1991 § 171. If so, then Claimant here qualifies as a physically impaired person.

Claimant is completely deaf as a result of a birth defect. He was awarded 10.81% permanent disability as a result of an injury to the back and neck, and now seeks to combine the two injuries in order to obtain benefits from the Special Indemnity Fund. The trial judge denied the relief sought on the basis that the unadjudicated binaural hearing loss was not a major member, and therefore not

combinable under the authority of *Special Indemnity Fund v. Schultz*, 831 P.2d 1385 (Okla.1992), and *Special Indemnity Fund v. Figgins*, 831 P.2d 1379 (Okla.1992).

Claimant here argues the "physically impaired person" defined in 85 O.S.1991 § 171 should be interpreted to include hearing loss as a major member. In this cause, the trial judge did make a finding that the hearing loss, which Claimant has had since birth, is accompanied by an obvious and apparent speech impediment. This finding brings Claimant one step closer to fitting the definition found in the statute, as it provides in part:

> ... "physically impaired person" is hereby defined to be a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of a major member of his body, or the loss of the use or partial loss of the use of a major member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously has been adjudged and determined by the Workers' Compensation Court including all separately adjudicated injuries and adjudicated occupational diseases even though arising at the same time.

A speech impediment arising from congenital deafness could easily be, and was here found to be, obvious to a layman. This finding satisfies one of the statute's criteria for a previously impaired person suffering from the loss, or partial loss, of a major member.

Claimant cites statutory authority[1] and case law[2] from this jurisdiction which support his argument that hearing loss is included as a scheduled member, and that a claimant with a hearing loss is a physically impaired person and may be compensated under the Act. However, the statute and case law cited are antiquated lore. They have both been superseded by the unequivocal holdings in the cases of *Figgins* and *Schultz*, which stem from an amendment (in 1986) resulting in the current 85 O.S.1991 § 171. Claimant argues this case is distinguishable from *Figgins* and *Schultz*, because hearing loss is a scheduled member under the 1992 version of 85 O.S. § 22. It is stated that the Legislature chose the term "major member" with an intent that compensation include all major members (as defined by section 22 above). While this is a plausible argument, this Court is constrained to conclude that the intent of the Legislature has been determined by the Oklahoma Supreme Court in *Figgins*, supra, and this Court is no longer in a position to rule upon this matter as the first impression question Claimant wishes to present. *Figgins* states in the first paragraph:

> A single issue of first impression is presented—what is a major member within the meaning of 85 O.S.1991 § 171. We find that pursuant to 85 O.S.1991 § 171, a major member is a hand, an arm, a foot, or a leg. (because § 171 specifically includes the loss of sight in its definition, of a physically impaired person, it is no longer necessary to include the eyes within the more general term "major member".) [footnote omitted]

It must therefore be concluded the trial judge did not err in ruling the hearing loss did not qualify Claimant as a physically impaired person, and the decision of the trial judge must be, and is, sustained.

SUSTAINED.

HANSEN, C.J., concurs by reason of stare decisis.

ADAMS, J., concurs.

---

1. Title 85 O.S.1955 Supp. § 22

2. *Special Indemnity Fund v. Beller*, 369 P.2d 184 (Okla.1962).