1998 OK CIV APP 37

1998 OK CIV APP 37

**Gary L. OSBURN, Petitioner,**

v.

**The SPECIAL INDEMNITY FUND, Respondent.**

**No. 88934.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 4, 1998.

W.E. Sparks, W.E. Sparks & Associates, Tulsa, for Petitioner.

Georgiana Peterson, Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, for Respondent.

BUETTNER, Presiding Judge:

■ ¶1 Petitioner Gary L. Osburn (Osburn) appeals an order of the Workers' Compensation Court denying his quest for benefits from Respondent, the Special Indemnity Fund (the Fund). Our review of decisions of the Workers' Compensation Court is limited to a review of the record to determine if any competent evidence supports the trial court's decision. *Garrison v. Bechtel Corp.,* 1995 OK 2, 889 P.2d 273; *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. Because we find the evidence and law do not support the court's decision, we vacate the order and remand for proceedings consistent with this opinion.

¶2 Osburn's latest injuries, to his back, ribs, and head, occurred June 3, 1994 when he was involved in a tractor accident while working for Rogers County. A joint settlement was approved after a hearing held December 7, 1995. In the joint settlement, Osburn accepted an award of 15% permanent partial disability to the body as a whole, as well as $1,470 for future medical treatment or vocational rehabilitation.

¶3 On January 16, 1996, Osburn filed his Form 3F, claiming benefits from the Fund. Osburn listed as prior adjudications 1) an order for compensation from the Fund dated December 8, 1986 in which he was found to have a 4% material increase; 2) a May 13, 1985 order for workers' compensation benefits finding 2.5% disability for sinuses and 7.5% disability for lungs; 3) a March 3, 1985 order for workers' compensation benefits finding 16% disability for binaural hearing loss. Osburn also listed on his Form 3F, as pre-existing disabilities for which no award has been made, a gunshot injury to his right hand and post-traumatic stress syndrome ("PTSD"), both of which resulted from Osburn being shot during military service in the Vietnam conflict.

¶4 At the hearing on Osburn's claim for benefits from the Fund, the Fund argued that Osburn's right hand injury is res judicata because Osburn could have claimed it when he proceeded against the Fund in 1986 and chose not to. The Fund also argued that the combination of Osburn's other injuries do not meet the 40% disability threshold and that the court accordingly did not have jurisdiction.

¶5 In its order, the court held that at the time of his most recent injury, in which he sustained 15% permanent partial disability, Osburn was a previously physically impaired person by reason of the 10% disability for lungs and sinuses, 9.6% disability for hearing loss, and 4% material increase from the 1986 Fund order. The court held that these injuries combined for a total of 38.6% permanent partial disability to the body as a whole. The court further denied Osburn's request for a

finding that his hand injury is obvious and apparent because the condition of Osburn's hand was substantially the same at the time of the 1986 order for benefits from the Fund and that the 1986 order constitutes res judicata regarding the right hand injury. Finally, the court held that PTSD does not affect a "member," but rather Osburn's body as a whole and accordingly cannot be considered obvious and apparent. The court therefore found that Osburn's combined injuries do not meet the 40% threshold necessary to confer jurisdiction to enter an award against the Fund.

█ ¶ 6 Osburn argues first that the court erred in ruling that his right hand injury is res judicata. In its order, the court relied on *Frair v. Sirloin Stockade, Inc.,* 1981 OK 117, 635 P.2d 597 and *Brown v. OXY USA, Inc.,* 1993 OK CIV APP 63, 854 P.2d 378. In *Frair,* the claimant listed alleged injuries to his neck, arm, leg, shoulder, and back in his Form 3. The parties litigated injuries to the claimant's neck and arm, but the Workers' Compensation Court failed to make specific findings on the leg, shoulder, and back. The Supreme Court held that the Workers' Compensation Court erred when it failed to make specific findings on each injury alleged in the claimant's Form 3 because, unless the injuries are expressly reserved, all of the injuries are at issue when the case is heard. The Supreme Court noted that the purpose of Workers' Compensation Court Rule 19, which requires claimants to list all their injuries on pretrial stipulation forms, is to avoid fragmented litigation of claims arising from the same accident.

¶ 7 In *Brown,* the claimant alleged in his Form 3 that the injured parts of his body included his "right arm and right hand, possibly neck." After he received an award for compensation for injuries to his arm and hand, the claimant moved to reopen his case on a change of condition for the worse. The claimant sought treatment including an arthroscopic examination of the right shoulder. This court held that the claimant had failed to seek compensation for a shoulder injury and, citing *Frair, supra,* held that the claimant must indicate which injuries are to be heard and which are to be reserved. This court found that, because he failed to list the shoulder injury, the original order was final and that the court could only find a worsened condition of the injuries already compensated—the arm and the hand, for which there was no competent evidence.

¶ 8 *Frair* and *Brown* do not involve proceedings against the Fund. Apparently the Workers' Compensation Court in the instant matter believed that Osburn's hand injury could only be combined in his first claim for benefits from the Fund in 1986 or be waived. We find that this determination is contrary to the statutory provisions regarding the Fund.

¶ 9 Title 85 O.S.1991 § 171 provides in pertinent part that a person is "physically impaired" if, as a result of accident, or military action that person has suffered the loss of use or partial loss of use of a member such as is obvious and apparent from observation or examination by ordinary laymen, or any pre-existing disability adjudged and determined by the Workers' Compensation Court or any disability resulting from separately adjudicated injuries even though arising at the same time. A hand is considered a major member. *Special Indemnity Fund v. Schultz,* 1992 OK 60, 831 P.2d 1385. Osburn testified that he is right handed but that he has had to use his left hand primarily since his right hand was injured. Osburn's wife testified that it is obvious that Osburn must use his left hand to support his right hand when he attempts to lift things with his right hand. Osburn's wife further testified that Osburn must work with his right hand in the morning to get it to open up because it often swells and closes from not being used while he sleeps.

¶ 10 Title 85 O.S.1991 § 172(C) provides that if an employee who is "physically impaired" under § 171 receives a compensable injury which results in additional permanent injury so that the disability caused by the combination of both disabilities is materially greater than the disability from the subsequent injury alone, then the employee may receive compensation based on the combination of injuries. The combination of disability percentages from the prior disability and the disability from the most recent injury

must amount to 40% permanent partial disability to the body as a whole before an employee may proceed against the Fund.

¶ 11   It is evident from the language of the statute that, to proceed against the Fund, the prior disability and the subsequent injury together must result in disability which is materially greater than the subsequent injury would have been alone.  Osburn testified that his prior hand injury combined with his most recent injury to result in greater disability.  Osburn testified that he often has to turn to his left to work because he uses his left hand due to his right hand injury.  Osburn testified that after he injured his ribs in the most recent injury, when he bends to the left to work, his ribs pop out, causing him to lose his breath.  Osburn testified he must go to the chiropractor to have his ribs "popped back in."  In addition, Osburn testified that he had difficulty lifting things since his right hand injury and that, after he hurt his back in the most recent injury, lifting things became even more difficult.

¶ 12   We find that it was error to hold that the hand injury was res judicata because it wasn't raised in Osburn's earlier claim against the Fund. Osburn testified that his hand injury was the same since it was injured until the most recent injury when it combined with his back and rib injuries to result in greater disability.  At the time of Osburn's claim against the Fund in 1986, his most recent injuries were for sinus, hearing, and lungs.

¶ 13   A prior disability may not be combinable with a subsequent injury if it would not result in a materially greater increase in disability.  Osburn may not have believed that the disability from his 1982 sinus, lung and hearing injuries combined with his hand injury to result in a material increase in disability.  However, that does not foreclose Osburn from claiming the hand injury combined with his 1994 injuries to result in a material increase in disability.  Therefore, the purpose of the Fund is not served by a rule that a prior disability, or loss of use of a member, must be combined with every subsequent injury or be "res judicata" and accordingly not combinable with any later injuries.  "Res judicata" is not applicable because the issue of material increase resulting from the hand injury combined with the 1994 injury has never been tried (or subject to trial).  We therefore vacate the order and remand for rehearing to determine whether Osburn's combined disabilities, as defined in § 172(C), exceed 40% and whether the combined disabilities are materially greater than the disability flowing from the 1994 injury alone.

¶ 14   Osburn next alleges the Workers' Compensation Court erred in finding that PTSD does not affect a major member and therefore cannot be combined with his other injuries.  The Veterans' Administration had earlier determined that Osburn suffers 70% disability due to PTSD. Osburn argued that this adjudication qualified under § 171.  Osburn further urged that, if the Veterans' Administration adjudication was not applicable under § 171, then PTSD should be found to be the loss of use of a member such as is obvious and apparent to laymen.  In its order, the trial court held that PTSD does not affect a member and therefore cannot be considered an open and obvious injury.

■ ¶ 15   The trial court did not err in refusing to recognize the Veterans' Administration adjudication.  Section 171 provides, in part, that a physically impaired person may have suffered "any pre-existing disability adjudged and determined by *the Workers' Compensation Court.*"  (Emphasis added).  Thus, an adjudication by the Veterans' Administration is not sufficient to comply with § 171.

■ ¶ 16   Absent an adjudication by the Workers' Compensation Court, a pre-existing disability must involve the loss or partial loss of a member such as is obvious and apparent.  The trial court found

THAT claimant's Post Traumatic Stress Disorder (PTSD) does not affect a "member" as that term is defined by the Workers' Compensation Act and case law, but affects the claimant's body as a whole.  Therefore, the PTSD cannot be considered an obvious and apparent injury.  Claimant's request that the PTSD be found to be an obvious and apparent injury is DENIED.

From 1986 to 1993, § 171 provided the definition of "physically impaired person" which, in part, read

> ... a person, who as a result of accident ... suffered the loss ... by amputation of the whole or a part of a *major* member of his body, or the loss of the use or partial loss of a *major* member such as is obvious and apparent from observation or examination by an ordinary layman,.... (Emphasis supplied).

¶ 17  In 1993, the word "major" was deleted from § 171.  Laws 1993, c 349, § 15, eff. Sept. 1, 1993.  A "major member" under § 171 included a hand, an arm, a foot, or a leg.  *Special Indemnity Fund v. Schultz,* 1992 OK 60, 831 P.2d 1385, 1386 (removal of colon and rectum did not qualify as loss of a major member); *Special Indemnity Fund v. Figgins,* 1992 OK 59, 831 P.2d 1379 (injury to lungs and respiratory system not loss of major member).

¶ 18  The Oklahoma Supreme Court discussed the history of § 171 in *Figgins.*  Prior to 1986, § 171 referred to injuries to a "specific member" which "was interpreted to include only those body parts specifically scheduled for compensation—thumbs, fingers, toes and hands, arms, feet, legs, and eyes."  831 P.2d at 1382.  The court described thumbs, fingers, and toes as minor members, and hands, arms, feet, and legs as major members.  831 P.2d at 1382.

¶ 19  The Oklahoma Supreme Court also referred to the Legislature's use of the word "amputation" in § 171 to find that the words "major member" referred to the body's extremities.  Removing the word "major" does not change this result.  By the amendment, the Legislature, for purposes of this definitional statute, removed any distinction between major and minor members.[1]

¶ 20  Using this framework, a claimant suffering from PTSD is not suffering from the loss by amputation of a member or the loss of use or partial loss of use of a member such as is obvious and apparent from observation or examination by an ordinary layman.

Thus, Osburn is not a "physically impaired person" by reason of PTSD under § 171. We find competent evidence in the record to support the trial court's ruling.

¶ 21  Osburn's final argument is that the trial court erred in determining that his combined disabilities do not meet the 40% threshold in § 172.  Because we remand this matter for rehearing to include consideration of Osburn's right hand injury, we do not reach this issue because the amount of the combined disabilities may exceed 40% after the right hand injury is considered.

VACATED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.

ADAMS, J., concurs.

HANSEN, J., concurs in result.

---

1.  However, there are still distinctions made between major and minor members; *see* 85 O.S. 1992 Supp. § 172A which states in part: "only disability due to an injury to the body as a whole shall be combinable with a prior bodily disability, except that disability to a major member may be combined with disability to the body as a whole."